IRA HASKIN, administrator &c., *vs.* THE N. Y. CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

A servant cannot recover from his employer for injuries resulting from the unskillfulness of his fellow servants, if he has the same knowledge, or means of knowledge, of such unskillfulness that the employer has.

In an action against a railroad company, brought by the administrator of one of its employees, to recover damages for the negligent killing of the deceased by the cars of the defendant, it is unnecessary to consider the question whether the persons employed on the train that killed the deceased were guilty of negligence that caused his death. The sole question is, was the de fendant guilty of negligence in employing an incompetent person as conductor on such train, or in not prescribing rules which would apply to trains moving where such train was, and provide for warnings to persons passing, or being on or near, the track when such trains moved.

Raising to the post of conductor a person who has served seven years in the inferior stations of car-coupler and shover—the duties of which places made him acquainted with the modes of making up trains, the dangers incurred by those employed in the work, and by others, when the trains are in motion, and the precautions necessary to guard against accidents—is not of itself negligence, or evidence of negligence; where it does not appear that he had ever shown himself to be incompetent, or unfaithful, prior to the happening of the injury sued for.

Corporations, as well as individuals, must be at liberty to raise men from lower to higher places; and such elevation of them cannot be imputed to the employers as negligence, unless the places from which they are raised are not such as to properly prepare them for the higher.

It being utterly impossible for a railroad company to move its trains, when being made up, or when being broken up, according to a time table, the omission to provide regulations for the movement of trains engaged in and about the freight and engine houses and depots of the company, is not negligence.

But it is practicable to prescribe in what manner engineers and conductors shall give notice of the approach of an engine, with or without cars, when trains are being made up, or moving about freight houses, depots or engine houses. And if proper precautions are not taken for the protection of life and limb from injury by such engines and trains, a person injured, who is not an employee of the company, has just cause of complaint; and is entitled to recover damages for any injury sustained by reason of the omission of the company to adopt all reasonable guards against liability to injury.

One, however, who enters into the employ of such company with full knowledge that no provision has been made for protecting its servants against injury from moving trains or engines, has no claim to recover damages if he sustains an injury by reason of the company omitting to make such provisions and regulations as prudence, and a proper regard for the lives of others, might require.

65   129
140a 452
65   129
85h  187
65   129
4ap206
65b  129
13ap142
65b  129
s56a 608
167a 312
65b  .  129
70 A.D 7500

MOTION for a new trial, upon a case and exceptions, on a judgment of nonsuit at the circuit.

*Ripson & Terry*, for the plaintiff.

*Edward Harris*, for the defendant.

*By the Court*, MULLIN, P. J.   This action is brought by the administrator of Henry Haskin, deceased, to recover damages for the negligent killing of said Haskin, at the city of Rochester, in December, 1869, by the cars of the defendant.

Just before the deceased was struck and killed, he was employed, with three other employees of the defendant, in making up a train of cars in the freight yard of said company.   The duty of the deceased was to communicate signals from the man employed in coupling cars, to the engineer, who stood on the engine, and whose duty it was to operate the engine in conformity to such signals.   While making the signals, he stood five or six feet from the cars which himself and party were occupied in coupling, employed in coupling, and between the rails of a track known as No. 6.   While the deceased was thus occupied, an engine with five or six empty coal cars attached, backed down on track No. 6, and struck him while his face was turned in a direction opposite to that in which the engine and cars were approaching.   No notice was given of the approach of the train, in any manner.   It moved silently down a descending grade. There were employed upon it three men, viz., a conductor, engineer and fireman.   There ought to have been five employed upon it, and especially one on the end of the car farthest from the engine, to give notice to persons of the approach of the train.

Sullivan was the conductor of the train.   He had been in the defendant's employ, at the time of the accident, about nine years.   His first employment for the defen-

Haskin *v.* The N. Y. Central and Hudson River R. R. Co.

dant was coupling cars ; after that, shoving cars over at the defendant's freight house, and after that, book-keeper in the defendant's office. He was engaged generally about the freight yard. He had risen from being a car-coupler to the place of conductor of trains moving in the defendant's yard. It was proved by one witness that he (Sullivan) was sufficiently conversant in all the duties incident to the management of the railroad. The train in charge of Sullivan was not running on any definite time, and it is claimed there were no regulations of the company applicable to such trains, providing for any notice to those employed on the road of its approach. Had such a regulation existed, it is insisted that it would have been obeyed and thus the life of the deceased been saved.

The defendant gave no evidence. Upon the close of the evidence, the defendant's counsel moved for a non-suit. The plaintiff's counsel asked the court to submit the case, on the evidence, to the jury, which the court declined to do, and nonsuited the plaintiff. To which ruling and decision, as well as to the refusal to submit the questions of fact to the jury, the plaintiff's counsel excepted. The case was ordered to be heard in the first instance at the General Term, and judgment in the meantime suspended.

·If the action had been brought by a person not an employee of the defendant, it would not be claimed that a case of negligence was not made out against the defendant ; nor but that the plaintiff was free from negligence, which in any degree contributed to the injury.

The liability of the defendant to an employee rests upon entirely different principles. The grounds of that liability are thus stated by Allen, J., in *Wright* v. *The N. Y. Cent. R. R. Co.*, (25 *N. Y.* 562.) "The master is liable to his servant for an injury happening to him from his own misconduct or personal negligence ; and this negligence may consist in the employment of unfit

and incompetent servants and agents, and in furnishing, for the work to be done, or for the use of the servants, machinery or other implements and facilities improper and unsafe for the purposes to which they are to be applied." "The employer," the learned judge says, "does not undertake with each or any of his employees for the skill and competency of the other employees engaged in and about the same service, or for the sufficiency and safety of the implements and materials furnished for the work, or for the convenience or comfort of the laborer, since neglect and want of due care in the selection and employment of the agent or servant through whose want of skill or competency an injury is caused to a fellow servant, must be shown, in order to charge the master." "It is not enough that the foreman and general superintendent of the work is guilty of negligence causing injury to the subordinate."

It is further held, in the case cited, that the servant can not recover for injuries resulting from the unskillfulness of his fellow servants, if he has the same knowledge, or means of knowledge, of the unskillfulness that the employer has. (*Warner* v. *The Erie R. R. Co.*, 39 *N. Y.* 468. *Siger* v. *The Syracuse, Binghamton & N. Y. R. R. Co.*, in *MS.*, 4th *Department*.)

Whether the persons employed on the train that killed Haskin were guilty of negligence that caused his death, need not be considered. The sole question is, was the defendant guilty of negligence in employing an incompetent person as conductor on the train that did the injury, or in not prescribing rules which would apply to trains moving where the train in question was, and provide for warnings to persons passing or being on or near the track where such trains moved.

First. As to negligence in the employment of Sullivan. He was not raised to the post of conductor until he had served seven years in the inferior stations of carcoupler and shover. The duties of the places made him

acquainted with the mode of making up trains; the dangers incurred by those employed in the work, and to persons not employed, when the trains were in motion; and the precautions to be taken by those in charge of the trains to guard against accidents.

A man who had been employed as Sullivan had been for so long a time, would not probably be capable of managing an engine, but he surely would have acquired sufficient knowledge to know when a person on or near the track would be in danger from an approaching train, and what measures should be employed to prevent injury. And this is all it was necessary for Sullivan to know in order to control a train. It is the part of wisdom for railway companies to take men employed by them from inferior positions and place them in higher ones, as they thus hold out the highest inducement to those in their employ to become skillful, and faithful in the performance of their duties. The company has the means of ascertaining accurately the habits and character of its men, and to fill all vacancies with those who are known to be skillful and deserving.

It does not appear that Sullivan had ever shown himself to be incompetent, or unfaithful, prior to the happening of the injury to the deceased. Raising Sullivan to the place of conductor was not of itself negligence, or evidence of negligence, inasmuch as his experience in the inferior positions he had occupied was such as to fit him for the higher.

Corporations as well as individuals must be at liberty to raise men from lower to higher places, and such elevation of them cannot be imputed to them as negligence, unless the places from which they are raised are not such as to properly prepare them for the higher. There was no evidence of negligence in employing Sullivan as conductor.

Second. As to the omission to provide regulations for the movement of trains, other than the regular freight

and passenger trains, and for notice to persons liable to injury, therefrom.

It is utterly impossible for a railroad company to move its trains, when being made up, or when being broken up, according to a time table. To attempt this would so embarrass the operations of the company as to enormously increase its expenses, if not destroy its business.

It is practicable to prescribe in what manner engineers and conductors shall give notice of the approach of an engine with or without cars, when trains are being made up, or moving about freight houses, depots or engine houses. And if proper precautions are not taken for the protection of life and limb from injury by such engines and trains, a person injured who is not an employee of the company, has just cause of complaint, and is entitled to recover damages for any injury sustained by reason of the omission of the company to adopt all reasonable guards against liability to injury. But one who enters into the employ of the company with full knowledge that no provision has been made for protecting its servants against injury from moving trains or engines, has no claim to recover damages if he sustains damages by reason of the company omitting to make such provisions and regulations as prudence and a proper regard for the lives of others might require. As well might a servant complain because another servant is retained, who, careful and skillful when employed, has become careless and reckless since he was employed, and such carelessness and recklessness was known to the servant when he was employed.

I do not think there was any evidence of negligence in not prescribing regulations for the management of trains engaged in and about the freight and engine houses and depots of the company.

The question was put by the plaintiff to the first witness, at which particular spot it was most convenient

for the deceased to be for the purpose of conveying signals from O'Brien to the engineer?

The evidence called for by this question could only be competent to repel any imputation of negligence on the part of the plaintiff. No negligence on his part was suggested on the trial, nor is it suggested in the defendant's points on the appeal, and hence the rejection of the evidence could be productive of no injury to the plaintiff.

The same witness was inquired of as to the reputation of Wood as an engineer, and the question was overruled and evidence excluded. No question is made that the defendant was chargeable with negligence in the employment of Wood; whatever negligence was imputable to him would seem to have occurred after his employment. But however that may be, reputation is not competent evidence to charge a master with negligence in the employment of a servant. Because, 1st, it may be false; and, 2d, he may never have heard it.

A witness was inquired of whether it was usual to leave a train on the track, at the time the train was on it which caused the accident. The object of this evidence could only be to relieve the deceased from that degree of care and caution which he would otherwise be required to use, or to require greater care and caution on the part of the employees in charge of the train. In neither aspect was the evidence of the slightest consequence. No negligence is imputed to the deceased, and the neglect to use proper precautions was the neglect not of the company, but of its servants, and for that neglect the defendant is not liable.

The plaintiff was rightly nonsuited, and judgment must be ordered for the defendant.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]