## NICOLA LOFRANO, RESPONDENT, v. THE NEW YORK AND MOUNT VERNON WATER COMPANY, APPELLANT.

*Dangerous employment — when the master is liable for an injury done to the servant.*

In an action brought to recover damages resulting from the alleged negligence of the defendant the court charged the jury: "If this plaintiff, although he may have been wholly ignorant of the risks of handling dynamite, told this company that he was capable, the law takes him at his word, and whether he was ignorant or not he cannot recover for an accident which happened in the course of his employment."

*Held,* that the charge could not be sustained, as under it no verdict could be given for the plaintiff unless the jury found that he was unskilled in the use of dynamite, and did not assume to understand its management, and to be able to conduct the operation of blasting in all its departments.

The foreman of the defendant directed the plaintiff to warm a quantity of dynamite preparatory to its use, and while in the performance of that duty he was injured by the explosion of the dynamite. The plaintiff was not employed to perform the services in the discharge of which he received this injury.

*Held,* that the defendant violated the duty it owed to the plaintiff by putting him in a dangerous place at a perilous service without warning.

That the plaintiff was justified in assuming the safety of the service which he was directed by the foreman to do.

That as the danger was not open and apparent to him, and within his knowledge, he could not be held to have assumed the risk attendant upon this service.

APPEAL by the defendant from a judgment entered in the office of the clerk of the county of Westchester on the 10th day of June, 1889, after a trial at the Westchester County Circuit, before the court and a jury, by which a verdict was rendered in favor of the plaintiff for the sum of $7,000 ; and, also, from an order denying a motion made by the defendant for a new trial upon the minutes of the judge.

The action was brought to recover damages for injury to the person of the plaintiff alleged to have been caused by the negligence of the defendant.

The complaint alleged that the plaintiff was employed by the defendant as a day laborer to dig out a reservoir, and aid in the construction of a dam for the defendant at or near Pelhamville, in the county of Westchester ; that the defendant negligently provided and used frozen dynamite cartridges and unsafe and improper means for softening the same ; that the plaintiff was ordered and

directed by the defendant to place said frozen dynamite cartridges before the fire in the open air, and warm one side first and then to turn them around and warm the other side, and that in doing so, without any negligence or carelessness on his part, the cartridges exploded, to the serious injury of the plaintiff.

*Joseph S. Wood,* for the respondent.

*Isaac N. Mills,* for the appellant.

Dykman, J.:

Under the charge of the trial judge in this action no verdict could be made for the plaintiff unless the jury found that he was unskilled in the use of dynamite and did not assume to understand its management, and to be able to conduct the operation of blasting in all its departments. The charge even contains this emphatic language : " If this plaintiff, although he may have been wholly ignorant of the risks of handling dynamite, told this company that he was capable, the law takes him at his word, and whether he was ignorant or not, he cannot recover for an accident which happened in the course of his employment."

The jury having rendered a verdict for the plaintiff, he is before us on this appeal, a man without experience in the use of dynamite, and without a knowledge of the dangers attending its use, and without a profession of such knowledge.

In that state he was directed by the foreman of the defendant to warm a quantity of dynamite preparatory to its use, and while in the performance of that duty some of the substance exploded and caused the injury to the plaintiff for which he seeks compensation in this action.

The plaintiff was not employed to perform the services he was directed to discharge on the occasion of his injury, and did not, therefore, assume the risks incident thereto, and such perils were not apparent ; neither was any warning given to the plaintiff of the dangers accompanying such service, and it was to him unknown.

The defendant, therefore, violated the duty it owed to the plaintiff by setting him in a dangerous place at a perilous service, without warning or admonition of any kind, instead of providing him with a safe place and safe implements as the law required ; and as none of those duties could be delegated to the foreman, so as to exonerate

the company, the defendant is liable for the act of the foreman. (*Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y., 368.)

The foregoing view admits no contribution of negligence by the plaintiff. · He obeyed the orders of the foreman and did no more than was necessary to carry them into execution. Upon the assumption of the safety of the service, he was justified in all that he did; and, as we have seen, if there was danger lurking around the service and incident thereto, he was entitled to warning, which he did not receive. Neither can he be defeated because he assumed the risk of the service. As the danger was not open and apparent to him and within his knowledge, he assumed only the risks incident to the service after the defendant has used proper care and caution for his safety and preservation, and, as we have also seen, the company failed in the performance of that duty which the law cast upon them. Many objections and exceptions are presented by the record, both to the rulings and charge of the trial judge, but they disclose no error.

The judgment and orders denying the motion for a new trial should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.