DENNIS CROWN, an Infant, by Guardian, etc., Respondent, *v.* JOHN C. ORR et al., Appellants.

A servant assumes not only the risks incident to his employment but all dangers which are obvious and apparent, and so, if he voluntarily enters into or continues in the service, having knowledge or the means of knowing the dangers involved, he is deemed to assume the risks, and to waive any claim for damages against the master in case of personal injury.

In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, these facts appeared: Plaintiff who, at the time of the injury, was nineteen years of age, had been employed in defendants' machine shop about three weeks, his duty being to stand in front of a planing machine and take off the dressed lumber; he was not required to operate the machine himself, but was cautioned against meddling with it, and was given proper instructions to enable him to perform his special work with safety. Plaintiff testified that the foreman in charge of the machine directed him to place a hood, used with the machine, in its place, which was about eight inches in front of the knives. In doing this his hand was caught by the knives and he was injured. The omission of duty charged was that defendants omitted to give to plaintiff, who was ignorant of the use of machinery, proper instructions. *Held*, that assuming plaintiff received the order as testified to, this and the failure to give instructions did not charge defendants with personal negligence; that plaintiff had had full opportunity to observe the manner of handling the hood and placing it upon the machine, and it was not negligence to request him to put it in place without instructions, especially as he asked for none, and showed in no way that he was not familiar with the method of doing it; that if the operation was specially dangerous without instructions, the danger was obvious and he was not bound to obey the order and in doing this he took the risks; also that if he was directed by the foreman to perform another service than that for which he was employed and one specially dangerous without sufficient instruction, the fault was not that of the master but of a co-servant.

(Argued December 12, 1893; decided December 19, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 28, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries received by plaintiff while in defendants' employ.

The facts, so far as material, are stated in the opinion.

*John Notman* for appellants. It is the settled rule of law that a master's liability to his servants for injuries received in their employment is based upon the personal negligence of the employer, and the evidence must establish personal fault on his part, or what is equivalent thereto, to justify a verdict, and he is entitled to the presumption that he has performed his duty until the contrary appears. (Wood on Master & Servant, §§ 345, 346; *Cahill* v. *Hilton*, 106 N. Y. 512, 517.) A servant upon entering upon his employment assumes not only all the risks incident to such employment, but also all dangers thereof which are obvious and apparent. A young man nineteen years of age, of good development and faculties, is held to the same standard as regards ordinary care as an adult. (Thomp. on Neg. 1008; *Haskin* v. *N. Y. C. & H. R. R. R. Co.*, 65 Barb. 129; 56 N. Y. 608; *Jones* v. *Roach*, 9 J. & S. 248; *King* v. *B. & W. R. R. Co.*, 9 Cush. 112.) No servant is obliged to obey a request or order, even on pain of dismissal from employment, which would subject him to danger, accident or risk of life or limb, and if he obeys such order under such circumstances it is at his own risk. (*Cullen* v. *N. S. M. R. Co.*, 114 N. Y. 45; *Hickey* v. *Taaffe*, 99 id. 204; 105 id. 25.) The plaintiff was guilty of contributory negligence, and, therefore, a nonsuit should have been granted. (*Cahill* v. *Hilton*, 106 N. Y. 512.) The defendants should have been allowed to prove that no accident of this kind had ever happened before in their experience, and the exception taken on their behalf to the exclusion of such testimony should be sustained. (*Dongan* v. *C. T. Co.*, 56 N. Y. 1; *Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 253.)

*Isaac S. Catlin* for respondent. The testimony abundantly sustains the verdict of the jury. It conclusively shows the defendants' negligence and omission of a manifest duty

towards the plaintiff. (*Brennan* v. *Gordon*, 118 N. Y. 489 ; *R. R. Co.* v. *Fort*, 17 Wall. 553 ; *Hickey* v. *Taaffe*, 105 N. Y. 26 ; *Fuller* v. *Jewett*, 80 id. 49 ; *Ryan* v. *Fowler*, 24 id. 410 ; *Mann* v. *D. & H. C. Co.*, 91 id. 500 ; *Connolly* v. *Poillon*, 41 Barb. 366, 369 ; *Noyes* v. *Smith*, 28 Vt. 59 ; *Lofraus* v. *N. Y. & M. V. W. Co.*, 55 Hun, 452 ; *Loughran* v. *State*, 105 N. Y. 159 ; *Corcoran* v. *Holbrook*, 59 id. 517.) Whether an accident of this kind had ever before happened or not at the defendants' place was immaterial. (*Lily* v. *N. Y. C. & H. R. R. R. Co.*, 107 N. Y. 574, 575.)

O'BRIEN, J. The relation of master and servant existed between the plaintiff and the defendants at the time that the former received the personal injury for which he has recovered damages. The question presented is whether, upon any view of the evidence, the result can be attributed to any fault or neglect on the part of the master. The rules of law in such cases are well settled, but it is not always easy to apply them to the varying facts in each particular case. The master does not insure the servant against all accidents and mishaps that may befall him in the business. The servant, when he enters into the relation, assumes not only all the risks incident to such employment, but all dangers which are obvious and apparent. The law imposes upon him the duty of self-protection and always assumes that this instinct, so deeply rooted in human nature, will guard him against all risks and dangers incident to the employment or arising in the course of the business of which he has knowledge or the means of knowledge. If he voluntarily enters into or continues in the service without objection or complaint, having knowledge or the means of knowing the dangers involved, he is deemed to assume the risk and to waive any claim for damages against the master in case of personal injury to him. (Thompson on Neg. p. 1008 ; *Haskin* v. *N. Y. C. & H. R. R. R. Co.*, 65 Barb. 129 ; affd., 56 N. Y. 608 ; *Jones* v. *Roach*, 9 J. & S. 248.)

This principle applies to the plaintiff, though he was not at the time of full age. Like any other servant he took upon

himself the ordinary risks of the service, and all dangers from the use of machinery which were known to him, or obvious to persons of ordinary intelligence. (*De Graffe* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 125; *King* v. *B. & W. R. R. Co.*, 9 Cush. 112.) He is bound to take notice of the ordinary operation of familiar laws and to govern himself accordingly, and if he fails to do so the risk is his own. He is bound to use his eyes to see that which is open and apparent to any person so using them, and if he neglects to do so he cannot charge the consequences upon the master.

The liability of the master for injuries to the servant received in the service is based upon his personal negligence, and the evidence must establish some personal fault or neglect of duty on his part, or what is equivalent thereto, in order to justify a verdict, and he is entitled to the presumption that he has performed this duty until the contrary is made to appear. (Wood on Master & Servant, §§ 345, 346; *Cahill* v. *Hilton*, 106 N. Y. 517.) If the injury to the servant is attributable to the master's neglect in omitting to furnish safe and adequate appliances for the work, according to the nature of the business, or competent co-servants, or even if he neglects to give persons unacquainted with the use of machinery proper instructions with respect to its use, he is liable. It remains only to apply these principles to the facts of this case as disclosed by the testimony of the plaintiff himself. On the 10th of December, 1890, the plaintiff, who was then about nineteen years of age, and in the employment of the defendants, lost his hand and part of the arm by coming in contact with the knives of a planing machine. No complaint is made that the machine was in any respect defective or unsuitable for the purpose for which it was used, or that the place where the plaintiff was directed to work was in any respect unsafe. The only omission of duty charged against the master in the complaint, or at least the only fault now urged, is that the plaintiff was ignorant of the use of machinery, and the defendants neglected to give proper instructions to him in this regard or cause them to be given.

When the accident occurred the plaintiff had been at work in the shop about three weeks. His duty was to stand in front of the machine, and about four or five feet from the end of it, and take off the dressed lumber after it had passed through the planer, and when moved to where he stood by the action of the machine and the · use of a small roller and horse attached. He was not required to operate or handle the machine itself, but was cautioned against meddling with its operation. There were four of these machines in the room, under charge of a man who assigned the plaintiff to one of them to take the boards away and load them upon a truck as they were dressed. The plaintiff testifies that on the day of the accident the man in charge ordered him to place a hood made of tin, and used to divert the shavings and dust from the machine to the floor under the frame, in its place in front of the knives of the planer. This hood had a hook at the top, and when in use hung in front of the knives and about eight inches from them, upon a small beam under the frame. He says that while attempting to put it in place his hand was caught by the knives, and in this way the injury was sustained. At this point there is a marked conflict in the evidence. The plaintiff says that he was directed by the man in charge to put the hood in place without giving him any instructions as to the manner of doing it, or the danger incident to such an operation. The foreman of the machines in charge admits that he gave him no instructions in this respect, for the simple reason that no such duty was ever required of him, and, in fact, he gave him no order to that effect on this occasion, but the act was entirely voluntary on the part of the plaintiff, and without request or direction from any one. The plaintiff says that when his hand came in contact with the knives, the hood dropped from the hand upon the floor, and that he never succeeded in hanging it. On the other hand, the foreman, and in this he is corroborated by several other witnesses who were working in the shop at the time, says that after the injury the hood was found hanging in front of the knives, not upon the beam where it was always placed, but upon another, some four inches nearer

to the knives.   Assuming that the verdict has determined conclusively that the foreman ordered the plaintiff to hang this hood in place, in front of the knives of the planer, does this charge the master with personal negligence?   The plaintiff had been at work in front of this machine for three weeks, and during that time had full opportunity to observe the manner of handling this hood and placing it upon the machine. He had the same opportunity of informing himself with respect to any danger attending such an act as the master had. There was nothing in the operation which he was required to perform that called for any special instructions, and he asked for none.   It was not negligence to direct a young man nineteen years of age who had seen the machine in operation for three weeks, to perform such duty, even without instructions, especially when he asked for none and gave no sign that he was not entirely familiar with the method by which the order could be properly obeyed.   This was one of the risks which he assumed when he entered the defendants' service. But if, as the learned counsel for the plaintiff claims, the operation was specially dangerous in the absence of instructions, then the danger was obvious and he was not bound to obey the order, but if he did the risk was his own.   The learned trial judge instructed the jury with respect to the law upon this point in the following language: " Now, there are some dangers, gentlemen, of which a person does not need to be informed.   Where there is a knife or a saw, the danger is palpable to any one who is employed to work, that if he gets before that knife or saw, he will be cut or hurt.   *   *   * Against apparent dangers a master need not warn a servant. *   *   *   Now, here this boy unquestionably knew that there were knives in this machine that planed this board and cut grooves or tongues on either side ; that was as plain to his understanding as it is to yours, and it was as clear to him when he was put at this employment as it is to us to-day, after this trial.   He knew that if his fingers got within the range of those knives that the same power that caused those knives to revolve and cut off with great rapidity the coating of these

boards and make them smooth, would injure his fingers. Instruction was not necessary to impart that information."

This is a clear exposition of the law applicable to such questions, but we think its application to the proofs in this case called for a non-suit or the direction of a verdict for the defendants. There is no conflict in the evidence as to the particular duties which the plaintiff was hired to perform. They consisted, as already stated, in removing the dressed boards from the machine as they came through, and occasionally sweeping the floor. It is admitted that proper instructions were given to him to enable him to perform this work with safety, and if it be true, as the plaintiff testifies, that on the occasion in question he was directed to perform another, and specially dangerous service, without sufficient instruction, the fault was not that of the master, but of a co-servant. So that whether we consider the order to hang the hood as an incident of the employment the risks of which the plaintiff assumed, or a direction to do a reckless or dangerous thing without sufficient knowledge or instruction, the dangers of which were plain and obvious, or a request by the foreman to do something that by the employment he was not bound to do, the result is the same. The plaintiff was, no doubt, very seriously injured, and his case was one which appealed to the sympathy of the jury although the testimony preponderated strongly in favor of the conclusion that the injury was the result of some carelessness or inattention on his own part. But it would be manifestly unjust to subject the master to damages in such a case where, under the most favorable view that can be taken of the evidence in favor of the plaintiff, the injury was the result of an accident which could not have been anticipated or prevented by the exercise of ordinary care, and which occurred without the fault of the master.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.