ROBERT L. HOWEY, Respondent, *v.* THE LAKE SHORE & MICH-
IGAN SOUTHERN RAILWAY CO., Appellant.

(Superior Court of Buffalo — General Term, July, 1895.)

Although a brakeman has a right to rely upon the implied assurance that
a car returned from the repair tracks is in a proper condition to handle,
yet, where, with full knowledge of a defect and the dangers attending
an attempt to remedy it, and without notice to his superiors, he makes
such an attempt, he assumes the risks thereof.

APPEAL from judgment in favor of the plaintiff, entered
upon the verdict of a jury, and from order denying a motion
for a new trial made upon the minutes.

Action to recover damages for personal injury. Plaintiff
was a yard switchman in the employ of the defendant. While
the yard engine and crew were removing cars from the cripple
track to the other tracks, the conductor called out " wrong pin,"
meaning that the pin had been drawn from the wrong end of
the link. Plaintiff then went to the car which had been
detached and endeavored to draw the pin, but found it to be
of a different shape from the hole into which it had been
driven, and endeavored to drive it out with a link which he
had picked up, and while so engaged the engine backed up
and crushed him between the cars.

*James F. Gluck*, for appellant.

*George W. Cothran*, for respondent.

HATCH, J.   It may be assumed that defendant had caused
to be given the assurance, when the car was pulled out from
its cripple track, that it was in good condition and proper
repair, upon which fact plaintiff had the right to rely. But
with this conceded, it does not follow that plaintiff showed him-
self entitled to recover. When the notice was given that the
wrong pin had been pulled, it was undoubtedly competent for
the jury to find that it then became plaintiff's duty to remove
the pin and link. The notice warned plaintiff that something
was wrong, or the right pin would have been pulled. When

plaintiff reached the car he proceeded to examine the pin and coupler, discovered the character of the coupler, and the difficulty with the pin. Whatever of assurance had been given that the car was in a suitable and proper condition was now removed. If we call it a defective and unsafe appliance, the condition is not changed. Assuming it to be such, its character, nature and extent was as well known then to the plaintiff as it possibly could be to defendant. Indeed, all that defendant now knows rests, in the main, upon plaintiff's statement, and whatever knowledge it was chargeable with was clearly within plaintiff's conception at that time. No accident had yet happened, no injury was yet sustained. While in the beginning plaintiff had an assurance that the car was in proper condition, yet such assurance in no wise misled him to his damage; before he did any act causing injury he had possessed himself of every fact which defendant knew or ought to have known. Thus, with full knowledge of the defect, a complete comprehension of his surroundings, with as much knowledge upon the whole subject as defendant, he attempted to remedy the defect and received injury through the negligent act of a co-employee. Whatever danger there was in and about attempting to correct the defect was obvious in character and known to plaintiff so far as it related to any defect in the coupling; he, therefore, assumed whatever of risk attended his act and cannot hold defendant responsible therefor. *Crown* v. *Orr*, 140 N. Y. 450; *Davidson* v. *Cornell*, 132 id. 234; *Hart* v. *Naumburg*, 123 id. 641.

In addition to this, plaintiff was, by the rule of defendant, required to inform his superior officer of any defect when discovered, and to take such measures as would insure his safety in and about any matter he attempted to do with it. It, therefore, rested with him, when he discovered the defect, to take such steps as would insure his safety if he determined to remedy it. This he did not do, but proceeded to act with knowledge of the defect, the dangers attending its remedy, and with no notice to his superior or fellow-servants. It is, therefore, apparent that what he did he did with his eyes

open, full knowledge, and in consequence assumed the attend-
ant risks.   No basis existing to sustain a recovery, the judg-
ment should be reversed and a new trial ordered, costs to
abide the event.

WHITE, J., concurs.
Judgment reversed and new trial ordered, costs to abide
event.