(15 Misc. Rep. 153.)

## VITTO v. FARLEY.

(Common Pleas of New York City and County, Trial Term.   December, 1895.)

1. MASTER AND SERVANT—HAZARDOUS EMPLOYMENT—WARNING.
    In an action to recover damages for the loss of a hand, it appeared that plaintiff, employed to drill holes, was directed by his foreman, without being instructed or questioned as to the nature of the attendant danger, to draw a charge of gunpowder and dynamite; that plaintiff was experienced in gunpowder blasting, but did not know that the charge contained dynamite; that, in his efforts to draw it, it was exploded. *Held*, that negligence was chargeable to the foreman, but not to plaintiff.

2. SAME—NEGLIGENCE—ACT OF FELLOW SERVANT.
    In such action, the foreman's direction to plaintiff was the act of a fellow servant, and not that of the master.

Action by Giacomino Vitto against Patrick Farley to recover damages for the loss of a hand occasioned by the explosion of a charge which he was attempting to extract from a rock.   A verdict was rendered in favor of plaintiff, and defendant moves for a new trial.   Granted.

Louis Silberman (Lewis Johnston and Edward W. S. Johnston, of counsel), for plaintiff.

Edwin F. Stern, for defendant.

DALY, C. J.   The plaintiff recovered a verdict of $750 for the loss of a hand occasioned by the explosion of a charge of gunpowder and dynamite which he was engaged in extracting from a hole drilled in a rock after the charge had failed to explode.   He was a laborer who had been, for two months prior to the accident, employed to break stones and drill holes by the defendant, a contractor engaged in the business of excavating and blasting rock, in which gunpowder and dynamite were used, and had been, for some years before the accident, which took place in January, 1892, at Seventy-Third street, between Second and Third avenues, where defendant was then engaged in extensive excavating work; necessitating frequent blasting of rock.   The plaintiff had been accustomed to the work of blasting rock for some years, in Italy, before coming to this country, but not to the use of dynamite; and he was not aware that any was used in the charge that he attempted to draw.   He testifies that he was directed by defendant's foreman over the work to draw the charge in question, and claims that this injury occurred through his being set to work at a dangerous occupation without being admonished of the peculiar risk attendant upon it.

The act of the foreman in directing the plaintiff, a colaborer employed to break stones and drill holes, to draw a charge from a blast, without ascertaining what his knowledge or experience was, cannot be regarded other than as negligence.   This work required a certain amount of skill, and the foreman was not justified in assuming that every laborer who might obey the order to perform it had the necessary knowledge or experience.   No common laborer could, with due regard to safety, be permitted to undertake it, no matter how willing or eager he might be, unless he were first told

what the blast .contained, or interrogated as to his knowledge. I do not lose sight of the fact that the foreman, in his account of the affair, testified that he did not give the order to the plaintiff, but to the particular men engaged in the work, and, moreover, that he forbade the plaintiff to attempt it, although the latter persisted that he knew how to do it; but the jury, having the issues presented to them, decided that the proof on the plaintiff's part preponderated, and I must assume the fact to be as found, because there is no sufficient reason for disturbing this finding which would not warrant a reversal of a verdict in every case of conflict of testimony. I am, therefore, to deal with the case as one in which a workman, employed as a colaborer, and not in the work of blasting, is directed to draw an unexploded charge, without being either instructed or questioned as to the nature of the peril arising from the use of the explosives employed, or his experience in dealing with them. It is urged that he was negligent in undertaking a work in which he was not experienced. It would be so if he were wholly unacquainted with blasting; but it appears that he was experienced in gunpowder blasting, and had no suspicion that this was of a different kind. He proceeded with the care customary in the use of gunpowder, and inadequate, as the result proved, in dynamite blasting, and was thereby injured. The question of contributory negligence was left to the jury, and they found, under the circumstances, that he was not negligent.

The negligence of the foreman and the absence of contributory negligence being established, the question is whether the defendant, who employed both foreman and plaintiff, is responsible for the act of the former. The foreman and plaintiff were fellow ,servants, although one was subject to the other; and negligence in the foreman's performance of duty as a servant was a risk assumed by plaintiff, as an incident of the business, like the possible negligence of any fellow laborer. Certain duties of the master cannot be lawfully delegated to the foreman or other employé, and, if they are, then, as to these, the foreman is not the fellow servant of the plaintiff, but stands in the shoes of the master. Among those duties is that of warning inexperienced employés, set to work in a place of danger, of the perils of the employment in which they are engaged. 14 Am. & Eng. Enc. Law, 897, and cases; Wood, Mast. & S. 349. Where a company, through its superintendent, furnished an unusual, unfit, and unsafe blasting powder to its servant, who was ignorant of its dangerous properties, it was held negligence not to inform him of its danger. Spelman v. Iron Co., 56 Barb. 151; Smith v. Iron Co., 42 N. J. Law, 467. Where a foreman directed the plaintiff to warm a quantity of dynamite preparatory to its use, the master was held liable for setting the plaintiff to work in a dangerous place, at perilous service, without warning or admonition of any kind, instead of providing him with a safe place and safe implements, a duty which could not be delegated. Lofrano v. Water Co., 55 Hun, 452, 8 N. Y. Supp. 717; Id., 130 N. Y. 658, 29 N. E. 1033. But it has been held that, where a workman is employed for one pur-

pose, and the foreman directs him "to perform another and specially dangerous service without sufficient knowledge or instruction, the fault is not that of the master, but of a coservant" (Crown v. Orr, 140 N. Y. 450, 35 N. E. 648); and that was the case here. The plaintiff was employed as a common laborer to drill holes, the only connection he had with the work of blasting. He says he was told by the foreman to draw an unexploded charge, without warning as to the kind of explosives used, or instruction in the way of handling them. Under the authority cited, the negligence of the foreman was the act of a fellow servant, and not of the master. There was no evidence that the foreman was in any degree incompetent, or that the selection of the servant to do the work was not a part of his ordinary duties as foreman. In a case where workmen who were engaged in drilling rock for blasting in a cement quarry were set to work by the foreman to drill holes near a blast which had failed to explode, and one of them was killed by its sudden ignition while he was at work, it was held that the master was not liable for the act of the foreman in imprudently setting the deceased to work in a place of danger; that this was the ordinary case of choosing a method, time, and place for continuing the work, involving questions of judgment and discretion properly committed to the foreman, and whose mismanagement was simply the act of a fellow servant. Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905. As was said in that case, for the manner in which the persons employed in the defendant's work of blasting should perform their work, the master was not liable. The details of the work rested, necessarily, upon the intelligence, care, and fidelity of the servants to whom these details were intrusted. "It cannot be that, every time a blast was exploded, and the men came back, the manner of their distribution for work was a duty of the master, and the order of a foreman, mistakenly or negligently given, must be regarded as the order of the master in filling a duty to furnish a safe place to work in." The negligent act was a part performance of the work itself, the risk of which the servant had assumed. The master was not chargeable with the consequences of a place for work made dangerous only by the neglect of a fellow servant who happened to be the foreman.

Motion for a new trial granted, with costs to defendant to abide event.