SEBASTIAN WAHL, an Infant over Fourteen Years of Age, by GEORGE WAHL, his Guardian ad Litem, Appellant, v. JOHN CHATILLON & SONS, Respondent.

*Negligence — an employee operating a stamping machine whose hand is caught thereby.*

A boy fifteen years and eight months old, who works for a week operating a machine, and at the end thereof is put to work upon a similar machine of larger capacity, and is finally put to work at a still larger machine, where, at the end of two or three days, his hand is caught and injured by the descending die, cannot recover damages from his employer for the injuries thus sustained, where it appears that he had operated similar machines before, and that the danger was of such an obvious character that it must have been as well known to a boy of usual intelligence as to the employer.

APPEAL by the plaintiff, Sebastian Wahl, an infant over fourteen years of age, by George Wahl, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 25th day of April, 1899, upon the dismissal of the complaint at the close of the plaintiff's case, by direction of the court, after a trial before the court and a jury at the Kings County Trial Term.

*Fernando Solinger*, for the appellant.

*Frank V. Johnson*, for the respondent.

WOODWARD, J.:

The plaintiff was about fifteen years and eight months of age when he entered the employ of the defendant, and was put at work

operating a machine for the stamping of brass plates with numbers. He worked on this machine about one week, and was then put to work upon a similar machine of larger capacity, and was finally put at work upon a still larger machine, where he worked all day Saturday and Tuesday. On Wednesday morning one of his hands was caught under the descending die, resulting in the loss of two of his fingers. The complaint alleges negligence on the part of the defendant in putting an immature boy at work upon this machine without giving him instructions as to the dangers to be apprehended from its operation, and the proof was directed toward this end. It was developed on the trial that the boy had operated similar machines; that he had discovered for himself that the machine continued to operate so long as his foot was upon the lever used for throwing the machine into gear, and that the danger was of such an obvious character that it could not fail to have been as well known to a boy of usual intelligence as to the employer. There was nothing to show that the machine was not of the usual make, in a proper state of repair, entailing no dangers which were not entirely obvious to the most casual observer. Under such circumstances, there can be no liability on the part of the master, and the complaint was properly dismissed. (*Crown* v. *Orr*, 140 N. Y. 450.)

The judgment appealed from should be affirmed.

All concurred, except JENKS, J., not sitting.

Judgment affirmed, with costs.