WAHL v. CHATILLON et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

INJURY TO SERVANT—FAILURE TO WARN—PROXIMATE CAUSE—OBVIOUS DANGER—EVIDENCE—SUFFICIENCY.

    In an action by a boy of 15 against his employer for injuries caused by catching his hand under the die of a machine for stamping numbers on brass plates, plaintiff's evidence showed that he had operated similar machines before, and was aware that, as long as he kept his foot on the lever for throwing the machine into gear, it would continue to operate. There was no evidence that the machine was not of the usual make or was out of repair. *Held*, that the complaint was properly dismissed, since the master's failure to instruct the boy as to the dangers of the machine was not the cause of his injury, the danger being apparent at a glance.

Appeal from special term.

Action by Sebastian Wahl, by George Wahl, his guardian ad litem, against John Chatillon & Sons. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and HIRSCHBERG, JJ.

Fernando Solinger, for appellant.
Frank V. Johnson, for respondents.

WOODWARD, J. The plaintiff was about 15 years and 8 months of age when he entered the employ of the defendants, and was put at work operating a machine for the stamping of brass plates with numbers. He worked on this machine about one week, and was then put to work upon a similar machine of larger capacity, and was finally put at work upon a still larger machine, where he worked all day Saturday and Tuesday. On Wednesday morning one of his hands was caught under the descending die, resulting in the loss of two of his fingers. The complaint alleges negligence on the part of the defendants in putting an immature boy at work upon this machine without giving him instructions as to the dangers to be apprehended from its operation, and the proof was directed towards this end. It was developed on the trial that the boy had operated similar machines; that he had discovered for himself that the machine continued to operate so long as his foot was upon the lever used for throwing the machine into gear; and that the danger was of such an obvious character that it could not fail to have been as well known to a boy of usual intelligence as to the employer. There was nothing to show that the machine was not of the usual make, in a proper state of repair, entailing no dangers which were not entirely obvious to the most casual observer. Under such circumstances, there can be no liability on the part of the master, and the complaint was properly dismissed. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.