> In an action for injuries to a servant, whose hand was caught in a planing machine, *held* a question for the jury whether the danger was obvious.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

Appeal from Trial Term, Kings County.

Action by Anthony Smith, by James Somerville, his guardian ad litem, against the F. Wesel Manufacturing Company. Appeal by defendant from a judgment in favor of plaintiff. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John S. Straley, for appellant.
Wm. J. McArthur, for respondent.

GAYNOR, J. Assuming that the machine is correctly described in the opinion in Crown v. Orr, 140 N. Y. 450, 35 N. E. 648, that case was not like this one. There the plaintiff was injured by having his hand caught in the revolving knives of the planing machine while he was replacing the hood on the top of the machine which covered the

knives. The hood being off, the knives were fully exposed, and the danger of them obvious. Here the sets of rollers which are in front of and in the rear of the knives, and which draw the boards through, are covered by a front and a rear flap, both of which rise or open on hinges to expose the rollers in order to clean or care for them. They are down when the machine is in operation, but there is an open space between them about four or five inches wide extending across the top or table of the machine. This opening exposes a revolving shaft which also extends across the table, and is flush with the said flaps. It is about four inches wide and two inches thick, and its sharp metal edges shave the boards as they pass underneath it. It has no knives, but only these sharp edges, and in its swift revolution of about 3,000 a minute it looks like a smooth roller. It throws the shavings out to the rear through the said open space, and they keep accumulating, more or less, at the opening. The plaintiff was brushing them away with his hand on direction of the man whom he was assisting when it was caught by the said revolving shaft and taken off. The learned trial judge charged that if the danger was obvious the plaintiff could not recover, but if not that he should have been instructed of it. It is not altogether plain that the danger was obvious to a boy of 19, which the plaintiff was, who had only worked at the machine two hours, and who was removing the shavings for the first time. The jury did not think it was after hearing the evidence and inspecting the machine, which was also exhibited to us. That he used his hand instead of a stick was not negligence as matter of law for the same reason.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.