KRUG v. AMERICAN SUGAR REFINING CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Where an employé, who was familiar with the room across which it was necessary for him to go in the performance of his duties and the manner of the operation of the machinery therein, and who knew that the top of a vat in which revolving rollers were operated was level with the surface of the floor, and that it was necessary for him to pass close to the vat in crossing the room, attempted, without any urgent necessity for his doing so, to cross while the room was in darkness, he thereby

assumed the risk, and recovery could not be had for his death resulting from his walking into the vat.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–600, 654.]

Appeal from Trial Term, Kings County.

Action by Theresa Krug as administratrix, etc., of Martin Krug, deceased, against the American Sugar Refining Company, to recover for the death of plaintiff's intestate, claimed to have been caused by defendant's negligence. From a judgment for plaintiff and an order denying it a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frederick B. Campbell, for appellant.
Frank Herwig, for respondent.

RICH, J. The plaintiff's intestate had been employed in defendant's sugar refinery 18 years. His usual place of employment was on the second floor of one of the buildings, and one of his duties was to walk through the mixer room on the first floor, a distance of about 80 feet, twice or three times during the night, to a place where he had to give some signal by blowing a whistle. In going to this place, it was necessary for him to pass close to a vat in which revolving rollers were operated. They were used for mixing sugar by crushing the large lumps and pieces. The top of this vat was level with the surface of the floor, and, except when in operation, it was covered by a grating. The room in which the accident happened was lighted by electricity. Shortly after midnight deceased started for the signal post. As he entered the mixer room, the electric lights flickered and went out, leaving this room in darkness. Plaintiff's intestate was familiar with this place, and the manner of the operation of the machinery, and he must have known that, in the event of his making a slight miscalculation in the direction he was attempting to go, there was nothing to prevent his walking into these rollers. There was evidence tending to show that he was expressly warned of the danger at the time; but this was unnecessary. He knew it, and yet with no urgent necessity for his attempting to cross this dangerous place in the darkness he saw fit to do so. In doing this he assumed the risk incident to the dangerous situation in which he placed himself, and the plaintiff cannot recover. McLaughlin v. Manhattan Ry. Co., 111 App. Div. 254, 97 N. Y. Supp. 719; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Burns v. Nichols Chemical Co., 65 App. Div. 424, 72 N. Y. Supp. 919.

The judgment and order must be reversed and a new trial granted, costs to abide the event. All concur.