BARTHOLOMEW A. CAVANAGH, Respondent, *v.* PATRICK McGOVERN et al., Copartners under the Firm Name of PATRICK McGOVERN & COMPANY, Appellants.

*Cavanagh* v. *McGovern*, 167 App. Div. 926, affirmed.

(Argued November 1, 1917; decided December 4, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1915, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants, his employers. Plaintiff was in the service of the defendants as a magazine keeper on subway construction work being prosecuted by the defendants along Lexington avenue in Manhattan, New York city. One of the duties assigned to him in this work by the defendants' head blaster was to test certain exploders or fuses by means of a testing machine. The work was of a dangerous character; and while he was engaged in it one of the fuses exploded, inflicting the injuries complained of. The defendants were charged with negligence in the following particulars: (1) In failing to instruct the plaintiff as to the manner of detecting when fuses were defective and in failing to warn him as to what would happen if defective fuses

were applied to the testing machine; (2) in failing to promulgate proper rules and regulations for the performance of such work; and (3) in failing to supply the plaintiff with the proper tools and appliances for the performance of such work. In their answer the defendants pleaded substantially a general denial and, as separate defenses, contributory negligence on the part of the plaintiff and assumption of risk.

*Herman S. Hertwig* and *A. Leo Everett* for appellants. *James I. Cuff* and *T. Louis A. Britt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, POUND and ANDREWS, JJ.

McLAUGHLIN, J. (dissenting). The plaintiff, an employee of the defendant, was injured while handling and testing a blasting cap. He has recovered a judgment against defendants on the ground that his injuries were due to their negligence in that they did not instruct him as to the manner or method of doing his work or warn him of the dangers connected with it. When he first applied to defendants for a position he was told by them that the only position open was that of a " magazine keeper " and before he could have that he would have to produce a certificate of fitness from the municipal explosives commission of the city of New York. A magazine keeper is one who has the care and custody of a magazine in which is stored a large quantity of electric fuses and blasting caps which he delivers to the proper person calling for them. Before one can get a certificate as magazine keeper under the rules and regulations of the municipal explosives commission, he has to pass an examination upon the regulations governing the transportation, storage and *use* of the substance, compound or article relating to or connected with the service to be performed by him, and upon the risks incident to his employment, and upon his knowledge of the precautions necessary to be taken in connection

therewith. He produced the certificate required, was employed by defendants and some time thereafter the accident occurred. When he produced the certificate he held himself out as an expert in the use and handling of blasting caps and in effect said to the defendants that he was qualified to perform the work which he would have to do (*Hammond* v. *Union Bag & Paper Co.*, 136 App. Div. 100), and was not thereafter in a position to assert that he ought to have been instructed before being assigned to that work. (*Fioranza* v. *Rinehart & Dennis Co.*, 164 App. Div. 462; *Lofrano* v. *New York & Mt. Vernon Water Co.*, 55 Hun, 452; affd., 130 N. Y. 658; *Stanley* v. *C. & W. M. Ry. Co.*, 101 Mich. 202; *Saucier* v. *N. H. Spinning Mills*, 72 N. H. 292.)

I am unable to subscribe to the doctrine that an employer can be made liable because he has not instructed one who holds himself out as an expert in the work for which he has been employed.

The question of a safe place to work was not presented by the pleadings. Plaintiff made no claim to recover on that ground and such question was not submitted to the jury for its consideration.

I, therefore, dissent from the affirmance of the judgment and vote to reverse it and for a new trial.