JOSEPH G. DALLAS, Plaintiff, *v.* THE DELAWARE AND HUDSON COMPANY, Defendant.

Supreme Court, Saratoga Trial Term, December, 1922.

Negligence — Federal Employers' Liability Act — when negligence of coemployee negligence of employer — when risk not assumed — motion to set aside verdict denied.

Plaintiff, an employee of defendant engaged in interstate commerce, while packing freight in a car was injured by a box falling off a truck wheeled into the car by M., a coemployee, who dropped the handles of the truck about two feet from where plaintiff was standing. Plaintiff sued under the Federal Employers' Liability Act and contended that his coemployee was negligent in handling or loading the hand truck, thereby causing his injury. Upon the close of plaintiff's case defendant moved for a nonsuit upon the ground that the injury occurred in the performance of a detail of the work, the risk of which plaintiff assumed, and offered no evidence, relying upon the theory that the risk was assumed as a matter of law. The jury awarded a verdict to plaintiff. Upon motion to set aside the verdict, *held*, that the risk was not assumed and under the Federal

Employers' Liability Act as interpreted in *Ches. & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, the negligence of a coemployee is upon the same basis as the negligence of the employer, and as defendant stands in the place of its employee M., his negligence is its negligence and the motion will be denied.

MOTION to set aside a verdict and for a nonsuit.

*Leary & Fullerton* (*A. W. Pitkin*, of counsel), for plaintiff.

*Lewis E. Carr* (*Lawrence B. McKelvey*, of counsel), for defendant.

ANGELL, J.  This action was brought by plaintiff, an employee of defendant, under the Federal Employers' Liability Act, to recover damages for injuries sustained through the negligence of a coemployee.  Defendant was concededly engaged in interstate commerce at the time of the accident.  Plaintiff was a freight handler employed in the yards of defendant in the city of Mechanicville, and engaged in piling freight which was being transferred from one car to another.  At the time of the accident plaintiff was in a car along side a platform, packing away this freight, consisting of boxes weighing about fifty pounds, and about eighteen inches long and from eight inches to ten inches in height and width.  A coemployee, Miller, was bringing the boxes into the car on an ordinary hand truck used for such purposes.  The truck, after being loaded by Miller, was run along the platform and then over an iron bridge into the car where plaintiff was.  The boxes were piled about five feet high on the truck.  Miller wheeled the loaded truck into the car and dropped the handles of the truck.  At the same time a box fell off the truck against plaintiff's leg, causing a fracture involving the knee.  Plaintiff was standing about two feet from the truck, with his back to it, engaged in the work described.  Plaintiff charges that Miller was negligent in handling or loading the truck, and that this negligence caused the box to fall off, resulting in his injury.

At the close of plaintiff's case, defendant moved for a nonsuit upon the ground that, under these facts, the injury to plaintiff came about in performance of a detail of the work, as to which he assumed the risk in accepting the employment.  Decision upon this motion was reserved until after the verdict.  Defendant thereupon offered no evidence, and the case went to the jury, resulting in a verdict for plaintiff of $2,500.  The case was submitted to the jury solely upon the question of whether or not defendant, or Miller, was negligent.  Before the charge the court asked defendant's counsel if he desired the question of assumption of risk submitted to the jury.  Counsel replied, in substance, that he did not, that he would stand upon his theory that the risk was assumed as a matter of law.  Whether defendant was entitled to a non-

suit upon the ground specified, presents the only question for consideration.

The Federal Employers' Liability Act in the 1st section thereof provides that every common carrier by railroad, while engaged in interstate commerce, " shall be liable in damages to any person suffering injury while he is employed by said carrier in such commerce * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

Section 4 thereof provides as follows: " That in any action brought against any common carrier under or by virtue of any of the provisions of this Act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employees."

The general application of the two sections above quoted is discussed in *Ches. & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, 313, where the court, by Mr. Justice Pitney, says: " The act of Congress, by making the carrier liable for an employee's injury ' resulting in whole or in part from the negligence of any of the officers, agents, or employees ' of the carrier, abrogated the common-law rule known as the fellow-servant doctrine by placing the negligence of a co-employee upon the same basis as the negligence of the employer. At the same time, in saving the defense of assumption of risk in cases other than those where the violation by the carrier of a statute enacted for the safety of employees may contribute to the injury or death of an employee (*Seaboard Air Line* v. *Horton*, 233 U. S. 492, 502), the Act placed a co-employee's negligence, where it is the ground of the action, in the same relation as the employer's own negligence would stand to the question whether a plaintiff is to be deemed to have assumed the risk."

That is this case. The negligence of a coemployee is the ground of this action.

How does this construction, that under these two sections the negligence of a coemployee is upon the same basis as the negligence of the employer, affect the situation in the case at bar? Is it not equivalent to saying that if Miller, the coemployee of plaintiff, was negligent, it is as if the defendant itself were negligent? If defendant were negligent, can it escape from liability? Can it be said that plaintiff assumed the risk of defendant's negligence in this instance, even though that negligence occurred in an ordinary detail of plaintiff's work?

It seems to be established that a servant does not assume risks

unknown to him which arise from the negligence of the master. Thus in 26 Cyc. 1225, it is said: " Unless a risk is obvious, or is known and appreciated by the servant, he does not assume it, if it might have been avoided by due care on the part of the master."

In *Lofrano* v. *N. Y. & Mt. V. Water Co.*, 55 Hun, 452, 454; affd., 130 N. Y. 658, the court, speaking of the plaintiff, says: " As the danger was not open and apparent to him and within his knowledge, he assumed only the risks incident to the service after the defendant has used proper care and caution for his safety and preservation."

Here it cannot have been obvious or apparent to plaintiff that the box would fall from the load against his knee. It cannot be said that the risk of its falling was known and appreciated by him. The danger which plaintiff encountered and from which he suffered his accident, was, as found by the jury, due to the negligence of Miller, his coemployee, in loading the boxes on the truck, or in the way he dropped the truck after running it into the car where the plaintiff was at work. The jury has said that Miller was negligent; that the accident might have been avoided by due care on his part. Under the *De Atley* case, defendant stands in the place of Miller, his negligence is its negligence.

The conclusion, therefore, seems necessary that the verdict cannot be set aside; that plaintiff, as a matter of law, cannot be held to have assumed the risk.

Motions denied.

Ordered accordingly.