### E. S. HIGGINS CARPET CO. v. O'KEEFE.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

1. MASTER AND SERVANT—DUTIES TO MINORS.

Where a boy 15 years old, employed in a factory, and assigned to the duty of feeding a machine which had unprotected cogwheels at the side in plain view, got his hand between the cogwheels while his attention was momentarily diverted, and was injured, the master was not liable, as the risk was obvious, and the boy had accepted the hazard.

2. SAME—FACTORY ACT.

The New York "Factory Act" does not impose any liability upon an employer for injuries received by a minor in his service, arising from the obvious risks of the service he has undertaken to perform. And the liability of the employer is not changed by reason of the act requiring cogwheels to be covered, as such protection is waived by a person accepting employment upon the machine with the cogs in an unguarded condition.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action at law, brought by O'Keefe, by guardian, against the E. S. Higgins Carpet Company, to recover damages for personal injuries. The jury returned a verdict for plaintiff, and defendant has brought this writ of error.

Knevals & Perry, for plaintiff in error.

Atwater & Cruikshank, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. The action was brought to recover for personal injuries sustained by the plaintiff, upon the theory that the defendant, his employer, was guilty of negligence in providing an unsafe appliance for the use of the plaintiff.

It appeared upon the trial that the plaintiff, a boy then about 15 years old, entered the service of the defendant, and, after working for several months in the room where a machine run by steam, known as a "wool picker," was in constant use, was assigned to the duty of feeding the machine. The machine had cogwheels at the side, in plain view, and they were not protected by any guards or covering. In feeding the machine, the wool was placed upon a band moving over and carried by rollers, the band and rollers being located in a box or trough having sides sufficiently high above the belt to inclose the requisite quantity of wool. The cogwheels were outside this trough, and at the further end, about two feet from the place where the operator stood in feeding the machine. On the second or third day after plaintiff had been assigned to the machine his right hand was caught in the cogwheels, and so severely crushed that amputation became necessary. The evidence for the plaintiff tended to show that he was feeding the machine at the time, and, while his attention was momentarily diverted by a boy who was near by, he got his hand between the cogwheels. The plaintiff testified: "I told him to go away; and my feed was running out; and I took some wool that went through

once, to run it through again; and I was watching this boy what he was doing; and my hand accidentally slipped and went in through the cogwheels." The evidence for the defendant tended to show that the plaintiff was cleaning the machine. He was aware that the rules of the defendant prohibited him from cleaning it while it was in motion.

Error is assigned of the refusal of the trial judge to instruct the jury to find a verdict for the defendant. We are of opinion that upon the facts the defendant was entitled to this instruction, and that there was no evidence to justify the leaving of the case to the jury.

The plaintiff, although a minor, was of sufficient age and experience to be fully aware that his hand would probably be crushed if it were caught between the cogwheels while the machine was in motion. He knew that the cogwheels were not guarded in any way, and testified that when he was assigned to feed the machine he was told by the foreman that he must look out for himself, and be careful. He entered upon and continued in his employment with full knowledge of the risks incident to feeding or working about the machine consequent upon the location and condition of the cogwheels and the absence of guards. If he had been an adult, it is plain that he would have had no cause of action. We think the circumstance that he was a minor is of no importance. The rules which govern actions for negligence in the case of children of tender years do not apply to minors who have attained years of discretion. In Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286, the action was brought to recover for the injuries received by a minor of the age of 14 years while working upon a machine which was alleged to be of a dangerous character. She had worked upon the machine sufficiently long to become acquainted with and fully appreciate the danger to be apprehended from allowing her hand to be caught between its rollers. The court held that in accepting the work and entering upon the employment about this machine the plaintiff assumed the usual risks and perils of the employment, such as were incident to its use in its then condition, so far as such risks were apparent; and that, being of an age to appreciate, and having full knowledge of, the danger, and at the same time being competent to perform the duty demanded from her, the fact that she was a minor did not alter the general rule of law upon the subject of employés taking upon themselves the risks which are patent and incident to the employment. In Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717, the action was brought against the employer to recover damages for injuries received by a lad about 12 years old, who was hurt upon a machine in the regular course of his duties. While endeavoring to turn a screw into the band for the purpose of keeping it in position, it came out, and rolled upon the floor. He picked it up, and in endeavoring to readjust it his foot slipped, and he threw his hand out to save himself from falling, and thrust it into the cogs. The court said:

"The hands of the plaintiff, in anything which he had to do or was doing about the machine, would not come within nine inches of the cogs where he was injured. It was not needful to instruct him that the cogs were dangerous, because that was obvious. He could see as well as anybody that, if his fingers got into the cogs, they would be crushed into pieces. He was not injured

because he did not know that the cogs were dangerous, but the injury happened because he slipped and fell, and instinctively threw out his hand to recover himself. * * * There is no rule of law that a minor may not be employed about a dangerous machine, and the simple fact that a machine is dangerous does not make an employer liable for an injury received by a minor employed upon such machines. All the law requires is that the minor should. be properly instructed as to the danger to which he is exposed; and, if he is injured because he has not received such instruction, then, as a general rule, the employer may be held responsible. But where the minor is familiar with the machine, and its character and operation are obvious, and he is aware of and fully appreciates the danger to be apprehended from working the machine, the fact that he is a minor does not alter the general rule that the employé takes upon himself the risks which are patent and incident to the employment."

The court held that the action was not maintained. In Crown v. Orr, 140 N. Y. 450, 35 N. E. 648, the action was against an employer for negligence to recover for injuries received by a minor of the age of 19 years, while at work with a planing machine, in performing duties to which he had been assigned. The court said:

"The plaintiff had been at work in front of this machine for three weeks, and during that time had full opportunity to observe the manner of handling this hood, and placing it upon the machine. He had the same opportunity of informing himself with respect to any danger attending such an act as the master had."

The court further said:

"This principle applies to the plaintiff, though he was not at the time of full age. Like any other servant, he took upon himself the ordinary risks of the service, and all dangers from the use of machinery which were known to him, or obvious to persons of ordinary intelligence."

In Nagle v. Railroad Co., 88 Pa. St. 35, it was held that the presumption that a boy of 14 has capacity to avoid danger can be rebutted only by clear proof of absence of discretion. The court said:

"At what age must an infant's responsibility for negligence be presumed to commence? This question cannot be answered by referring it to a jury. That would, furnish us with no rule whatever. It would give us a mere shifting standard, affected by the sympathies or prejudices of the jury in each particular case. One jury would fix the period of responsibility at fourteen, another at twenty or twenty-one. This is not a question of fact for the jury, but of law for the court."

If the plaintiff was injured while cleaning the machine, he had no cause of action, because he was willfully violating the express instructions of his employer. If he was injured while feeding the machine, and in the due course of his ordinary duties, he had no better cause of action, because the risk was obvious, and he had accepted the hazard. If he was injured by reason of his own inadvertence or inattention while watching the other boy, he had no better cause of action than he would have had if injured while he had been properly and carefully attending to his duties.

The provisions of the statute known as the "Factory Act" (chapter 398, Laws N. Y. 1890), requiring cogs to be properly guarded, have no application to the case, except as regards the question of the negligence of the defendant. As construed by the highest courts of the state, the statute does not impose any liability upon an employer for injuries received by a minor in his service in consequence of the fault of the employé, or arising from the obvious risks of the service he has

undertaken to perform. White v. Lithographic Co., 131 N. Y. 631, 30 N. E. 236; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986. In Graves v. Brewer (recently decided) 4 App. Div. 327, 38 N. Y. Supp. 566, the court held that the liability of the employer was not changed by reason of the factory act requiring cogwheels to be covered, because such protection could be waived, and was waived by a person accepting employment upon the machine with the cogs in an unguarded condition, as the danger was apparent, and one of the obvious risks of the employment.

For these reasons the judgment is reversed.