[No. 3717.]

THE PUEBLO ELECTRIC STREET RY. CO. v. SHERMAN.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INJURY TO INFANT.

The law fixes no arbitrary period when the immunity of childhood ceases, and the responsibility of life begins. Minors not *prima facie sui juris* are charged with such care to avoid danger as may be fairly and reasonably expected from persons of their age, and it is a matter to be determined in each case by the circumstances of that case.

2. SAME—QUESTION FOR JURY.

If there is a fair doubt as to the child being of the age and capacity that in law it should be held responsible for the act contributing to its injury, the question should be submitted to the jury to say, by its verdict, whether this is so or not.

3. SAME.

Where a boy thirteen years old, possessing the usual intelligence of boys of his age, was injured in alighting from a moving street car, it was proper to submit to a jury the question of whether or not, taking into consideration his age and all the attendant circumstances, he was responsible for his negligence in alighting from the car while in motion, or exercised that degree of care and caution in so doing which would be expected of him under the circumstances.

4. NEGLIGENCE—STREET RAILWAYS.

It is negligence for the motorman of a street car to permit a boy thirteen years old, who is not a passenger, to ride upon the car for amusement, and to alight while the car is in motion, for the purpose of turning the trolley, and the company is liable for such negligence.

5. NEGLIGENCE—INSTRUCTIONS.

In an action against a street railway company for injury to a boy thirteen years of age and upward, and possessed of usual intelligence for boys of that age, caused by alighting from a moving car where he was permitted by the motorman to ride for amusement, and where there was evidence tending to prove that he had been warned of the danger of alighting from a moving car, it was error to refuse an instruction to the effect that if he had been warned of the danger of alighting from a moving car, he was guilty of negligence which would preclude his recovery.

6. NEGLIGENCE—EVIDENCE—ADMISSIONS.

In an action against a street railway company for injury to a boy thirteen years old, where a witness testified that the plaintiff shortly after injury stated that he, himself, was to blame for the injury, and plaintiff testified that after the injury he was taken to a drug store and given something that made him sleepy, and that he did not

know what he said while in that condition, but that he did not re member making such a statement, it was error to refuse to permit defendant to introduce another witness to prove that the statement was made before any drug or anæsthetic had been administered to plaintiff.

*Appeal from the District Court of Pueblo County.*

ON the evening of January 11, 1896, appellee was injured by a car operated by appellant, and brought this action to re cover damages resulting from such injury. On the trial his evidence, in substance, was, that he had permission from the motorman in charge of the car by which he was injured to ride thereon the evening in question, and, with his consent, made several round trips during that period, from a point be tween the terminals of the line over which this car was oper ated and one of such terminals, and in so doing, rode with the motorman, turning the trolley at the end of the run; and in alighting for this purpose, did so voluntarily from the front platform while the car was in motion, without objection from the motorman; that later, his trips extended from one end of the line to the other, and that at the end of each of these runs, he turned the trolley as before, alighting each time from the front platform before the car was brought to a stop; that preceding the trip he was injured, at the suggestion of the motorman, he went home to get his overcoat, being told by this employee he must have a garment of that character if he wanted to be a motorman, and on his return was again admitted to a place on the front platform, proceeded to the end of that run, where, just before the car reached its stop ping place, after being slowed up, but while still moving, he alighted as before from the front platform, for the purpose of turning the trolley; was thrown down, and one of his limbs crushed by the wheels of the car. It appeared from the evi dence, that appellee had lived on the street along which the cars of appellant were run, for something over a year prior to the accident, and was thirteen years of age August preceding the date he was hurt, and that he had no pass, permit, ticket

or money to ride upon the car, and was riding by permission of the motorman.

At the conclusion of the evidence for appellee, appellant moved for nonsuit, for the reason it appeared that appellee was of that age, and sufficiently intelligent to know, that alighting from a car while in motion was dangerous, and was, therefore, guilty of contributory negligence, but for which the accident would not have occurred; and, because he was riding without the payment of fare, by permission of the motorman, which was beyond the scope of the authority of the latter.    This motion was denied.    On behalf of appellant the evidence of the motorman was to the effect that he had not objected to the boy's riding that evening, or attempted to eject him; that he knew he had alighted from the car several times while in motion; had spoken to him about the danger of so doing; that his answers indicated he understood it was dangerous to get on or off the car while in motion; had objected to his turning the trolley, and that he had told him to go home, but said nothing about getting his overcoat or returning; that he returned within a short time, boarded the car and proceeded to the end of the run, where he was hurt, substantially as detailed by the appellee; that the boy's mother, on being told he was injured, stated she had tried to keep him away from the cars.    There was, also, evidence to the effect, that appellee had been told on several different occasions, he would get hurt if he did not keep away from the street cars, which statements he had previously denied, on cross-examination.    It also appears in evidence on behalf of appellant, that it was contrary to its rules for employees in charge of a car to permit any person to ride without the payment of fare.    A witness on behalf of appellant testified that shortly after the accident appellee, in response to an inquiry as to who was to blame, answered he was.    Appellee, upon being recalled and interrogated in regard to this statement, stated that soon after his removal to the drug store where taken after the accident, he was given something which made him sleepy, and did not know what he might have said while

in that condition, nor did he remember making any such statement.

Appellant then offered to prove by another witness, that at the time the statement was made by appellee, regarding who was to blame, no drug or anæsthetic had been administered, which offer was rejected. At the conclusion of the evidence, appellant requested the court to instruct the jury to return a verdict in its favor, which request was refused. The court, of its own motion, on the question of contributory negligence, instructed the jury to the effect that if they believed from the evidence, considering the age of appellee, his experience and apparent degree of intelligence, that he was capable of appreciating the danger of alighting from the front platform of the car in motion, at the time and under the circumstances disclosed by the evidence, then, in voluntarily so doing, he was guilty of negligence, and they should find for the defendant.

Numerous instructions were asked by appellant, which were refused, but only the one to which reference is made in the argument will be considered. This instruction was to the effect that if the jury believed from the evidence, that appellee, on one or more occasions previous to the date when he was injured, had been warned of the danger incident to alighting from a car while in motion, then his act in so doing, which resulted in his injury, would be negligence, and preclude his recovery, even though the motorman had invited or permitted him to ride, provided they believed from the evidence that appellee was a boy of thirteen years and upwards, at the time of the accident, and was then in the possession of the same degree of intelligence which boys of that age usually possessed. Verdict for appellee, upon which judgment was rendered, from which the company appeals.

The questions to be considered are those raised by the errors assigned by appellant on the ruling of the court, refusing motion for nonsuit; refusal to instruct the jury to return a verdict in its favor; not giving the instruction above noted; and in not permitting the witness called by it to testify that

at the time appellee made the statement regarding who was to blame for the accident, he had not been given an opiate or anæsthetic.

Messrs. WALDRON & DEVINE, for appellant.

Mr. JOHN R. DIXON, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

Counsel for appellant insist, *first*, that the act of the motorman, in allowing appellee to ride without payment of fare, was in direct violation of his orders; without the scope of his authority, and having no proper permit to ride, the company was under no obligations to appellee as a passenger; *second*, that appellee, by reason of his age, was capable of comprehending the danger incident to alighting from a moving car, and his act in this respect being the proximate cause of the accident, he is precluded from maintaining this action. These propositions will be considered together.

The proximate cause of the injury was the act of appellee in voluntarily alighting from the car, while in motion, and were it not for his age, it would be unnecessary to pursue this inquiry further, because in the case of an adult of that age and experience when he would be presumed to be able to comprehend the consequences of his acts, alighting from a car under similar circumstances, and being thus thrown down and injured, would constitute contributory negligence, and preclude any recovery for the damages thus sustained; so that the first important question to determine is, whether or not appellee shall be held responsible as a matter of law, for his negligence which contributed to the injury of which he complains. There must be some age when a minor, who has not attained his legal majority, will be held responsible for his acts and when, by reason of his age, the question of his responsibility for such acts becomes one of law, and not of fact. Courts are widely variant on this question, so far as

age is concerned. For such acts "the law fixes no arbitrary period when the immunity of childhood ceases and the responsibility of life begins." *Nagle v. Allegheny R. R. Co.*, 88 Pa. St. 35. It only imposes upon minors, not *prima facie sui juris* the duty of giving such attention to their surroundings and care to avoid danger, as may be fairly and reasonably expected from persons of their age, 1 Thompson on Neg. 431, or the caution which a child is required to exercise is according to its maturity and capacity,— a matter to be determined in each case by the circumstances of that case. *Consolidated City & C. P. Ry. Co. v. Carlson*, 48 Pac. Rep. 635; *R. R. Co. v. Gladmon*, 15 Wall. 401; 2 Thompson on Neg. 1194; *C. & A. Ry. Co. v. Becker*, 76 Ill. 25.

If there is a fair doubt as to the child being of the age and capacity that in law it should be held responsible for the act contributing to its injury, the question should be submitted to the jury to say, by their verdict, whether this is so or not. 2 Thompson on Neg. 1182. In this case appellee was upwards of thirteen years of age at the time of the accident; had lived for a year on the street over which the car was operated; appears to have possessed the usual intelligence of boys of that age, and would be presumed to comprehend many dangers to which he might be exposed; but was he capable of appreciating the danger to which he was exposed in this case, to such a degree that he should be held responsible for a failure to exercise reasonable care and caution to avoid it? He would only be required to give such attention to his surroundings and care to avoid danger as might fairly be expected from one of his years. He was still of that age when the instincts of childhood easily dominate. Was he capable of appreciating, or did he, on account of his youth, realize the dangers to which he was exposed in alighting from a moving car, to such a degree as would prompt him to be reasonably careful in so doing, or refrain from it entirely? No fair and impartial mind could say, from the evidence in this case, taking into consideration all of the surrounding circumstances that the question of whether appellee should

be held responsible for his contributory negligence, was entirely free from doubt. In principle, under the evidence, this question is akin to those where it is proper for a jury to determine, although the facts are undisputed, whether they establish negligence, regarding which it was said by Mr. Justice Hunt, in speaking for the supreme court of the United States, in *R. R. Co. v. Stout*, 17 Wall. 657: "Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man, equally sensible and equally impartial, would infer that proper care had been used, and that there was no negligence. It is this class of cases and those akin to it, that the law commits to the decision of a jury. Twelve men of the average of the community, comprising men of education and men of little education; men of learning and men whose learning consists only in what they have themselves seen and heard; the merchant, the mechanic, the farmer, the laborer; these, sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given, it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge."

In this case, taking into consideration the age of appellee, and all the attendant circumstances connected with the accident, we think it was proper to submit to the jury the question of whether or not he was responsible for his negligence in alighting from the car while in motion, or exercised that degree of care and caution in so doing which would be required and expected of him under the circumstances.

It now becomes necessary to determine whether or not appellant was guilty of negligence in permitting appellee, through its motorman, to ride upon the car, alight therefrom when in motion, without any effort upon his part to restrain him from such acts. Whatever is done by the servant, in the

course of his employment, the master is liable for, whether such act be one of omission or commission.   *Phila. & R. R. Co. v. Derby*, 14 How. 463 ; Story on Agency, § 452.   This rule is based upon the maxim, "He who does a thing by the agency of another, does it himself."   Courts frequently experience difficulty in determining whether the act of the servant upon which it is sought to fix the liability of the master, was one in the course of the employment for which the servant was engaged, and the test to apply for the purpose of ascertaining the master's liability, when that question is presented, is, that for every act of the servant, in the course of his employment, and within its scope, the master is liable if he would have been liable for the same act if done by himself in the performance of the same service for which the servant was engaged.   Wood's Law of Master and Servant, §§ 280, 322; *Russell v. Irby*, 13 Ala. 131.   A street railway company is a common carrier, with duties similar to those of a railroad company, Booth's Street Railway Law, § 324, and in operating its cars is required to observe at least ordinary care, vigilance and skill, so far as the rights of third persons may be affected by running its cars along the street of a crowded city.   In these operations the invisible corporation, though not actually, is constructively present through agents representing it, and whose acts, within their respective representative spheres, are its acts.   *Louisville & N. R. R. Co. v. Collins*, 2 Duv. 114.   The motorman was charged with the management and control of the car; it was his special duty, regardless of instructions, to exercise reasonable care and diligence in operating it so as to prevent injury to those with whom the relation of carrier and passenger did not exist.   The evidence discloses that appellee was permitted to ride upon the car for a period of something over two hours ; allowed to alight while the car was still in motion, for the purpose of turning the trolley ; he was not upon the car as a passenger, but there because the permission granted to ride and turn the trolley afforded him amusement, which would be naturally attractive to one of his years.   To allow children to make a

playground of a moving street car, or convert that vehicle when so moving into an article of amusement, is certainly exposing them to serious, if not fatal, injuries, and it is as much the duty of the employees of a street car company, to exercise reasonable care and diligence in preventing those not capable of appreciating the danger to which they would be exposed on account of their childish proclivities to amuse themselves in the manner appellee did, as it is their duty to prevent injury to persons of like age exposed to injuries in other ways from the same source. Had the motorman not permitted appellee to ride upon the car merely for amusement, alight therefrom recklessly while in motion, but, on the contrary, had exercised a reasonable degree of care in preventing him from so doing, the injury might not have occurred. It is contended, however, that appellee was a trespasser, and, therefore, the company was under no obligation to him, except to refrain from wanton or wilful injury. Had appellee been injured while upon the car, by its negligent management or control, then the relationship which appellee sustained to the company, would become important, but he was not so injured, and no such question is presented for determination in this case. It has been settled by a long line of decisions, that the care and caution required of a child must be measured by its maturity and capacity only, to be determined in each case by the circumstances of that case. *Lynch v. Nurdin*, 1 Q. B. 29; s. c. 2 Thompson on Neg. 1140; *R. R. Co. v. Stout*, 17 Wall. 657. In the latter case, and others in which the facts were similar, and known generally in legal literature as "the turn-table cases," the plaintiff was injured by unguarded dangerous agencies upon the land of the defendant; but, being an infant, though technically a trespasser, was permitted to recover upon the principle that the natural instincts of the child brought it in contact with the means of danger which the negligent act of the defendant had left exposed, 2 Thompson on Neg. 1195, a principle applicable to the case at bar, for the negligence of appellant consisted in the failure to use ordinary care to prevent appellee indulging his childish in-

stincts, and thus expose himself to the means of danger which resulted in his injury. It was not error for the court to refuse the motion for nonsuit, or refuse to instruct the jury to return a verdict for appellant.

The instruction prayed by appellant and refused, upon which refusal error is assigned, was to the effect that if appellee, previous to the injury, had been warned of the danger of alighting from a moving street car, was thirteen years of age and upwards at the time of the accident, and possessed of the intelligence usual for boys of that age, he was guilty of negligence, which would preclude his recovery.

The danger to which appellee was exposed by leaping from a moving car was not hidden or difficult of comprehension. He had reached that age when, explicitly informed of such danger, it should have created an impression upon his mind which he should have heeded. If, after being so informed, he still chose to voluntarily incur the danger regarding which he had been warned, he should be held responsible for his want of care in this respect. In case of one more youthful, or where the danger was not patent, such an instruction might not be proper, because of the inability of the person thus warned, on account of his youth, to comprehend the character of the danger regarding which he was advised, or remember that he had been so informed; but in case of a boy of the age of appellee at the time of the accident, the fact that he had been told of the danger to which he was exposed, by previous acts of a character similar to that which was the proximate cause of his injury, should have been sufficient, if of the usual intelligence and experience of boys of that age, to have prompted him to avoid such danger in the future, and if he did not, would himself be in fault. The instruction given on the subject of contributory negligence was a correct statement of the law, in so far as it directed the jury to determine the capability of appellee to appreciate the danger to which he exposed himself, from a consideration of the particular matters therein mentioned, but was silent on the subject as to what the law was in the event the evidence

established he had been warned of such danger. This was the distinguishing feature between the instruction given and the one requested; and as there was evidence tending to prove that he had been previously warned of the danger incident to alighting from a moving car, the attention of the jury should have been particularly called to this phase of the case, by giving the instruction requested on this subject. On another trial, it is suggested that in case the evidence again warrants the giving of instructions similar to those under consideration, they should be so framed that a jury will clearly understand that each question therein embraced must be passed upon.

It now remains to consider the ruling of the court upon the offer of appellant to show by a witness that at the time it is claimed appellee made the statement he was to blame for the injury, he had not been given any drug or anæsthetic. Under the instructions given, the all-important question in this case for the jury to determine, was, the capability of appellee to appreciate the danger of alighting from a street car when in motion. It was proper to show he made the statement claimed, as tending to establish his degree of knowledge regarding such danger; it was, also, proper, on behalf of appellee, to have the statement before the jury that at the time he made such statement, his mind was affected by some drug, given for the purpose of alleviating pain; and certainly it was proper for appellant to show, if it could, that at the time he made the statement, he had not been given such drug. If the jury had found, as a matter of fact, he made the statement, but also believed from the evidence it was made when laboring under the influence of some drug, very likely little or no weight would be attached to a statement by appellee made under those conditions; but had they also found, had there been evidence to warrant it, that appellee was not affected in the manner claimed, it might have had some effect upon the minds of the jurors as to the weight which should be given such a statement. We cannot say what weight any of this evidence may have had upon the jury—that was a

matter for their consideration; nor can we say what influence the evidence excluded might have exerted upon their minds. All we have to deal with is the materiality or immateriality of such evidence. It was error for the trial court to refuse the offer of appellant to introduce the proposed evidence. The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*