LIBBIE FINK, by Her Next Friend, D. FINK, Appellant, v.
THE CITY OF DES MOINES.

Contributory Negligence: INFANTS. Where a child less than four
years of age is injured by pulling over a coal chute which
1  was leaning against an engine house, she cannot be charged.
with contributory negligence, though repeatedly warned about
playing there.

NEGLIGENCE OF PARENTS. Where a child less than four years of age
2  was injured by pulling over a coal chute at an engine house,
3  the negligence of her parents, who have been warned about her
playing there cannot be imputed to her.

Negligence of City:    JURY QUESTION. Where a coal chute 5 feet
long, with a cleat near each end, and weighing 200 pounds,
1  when not in use was leaned, with cleats out, against the side
of the city engine house some 5 feet back from the line of the
4  street, and a small child stepping on the lower cleat, pulled the
chute over, and was injured, the question of the city's negligence
was for the jury.

Appeal: *Assignments argued in reply only.* Where certain as-
signments of error, not argued in appellant's original brief,
5  are argued for the first time in a reply brief, they will be
disregarded.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

SATURDAY, FEBRUARY 8, 1902.

ACTION for damages. Trial to jury resulted in verdict
and judgment for the defendant. The plaintiff appeals.
—*Affirmed.*

*W. G. Harvison* for appellant.

*J. E. Mershon* and *W. C. Strock* for appellee.

LADD, C. J.—The plaintiff, when a child of less than
four years, was injured when playing on a coal chute lean-
VOL. 115 IA—41

ing against the defendant's engine house. It was about 6 feet long, and from 3½ to 4 feet wide, made of plank more than 2 inches thick, and across it about a foot from each end were cleats 4 inches square. When not in use, the chute was leaned against said house with cleats out, the lower end about 2 feet from the building, which was back some 5 feet from the street line. The cement sidewalk extended from the curb line to the house, the yard of which was not inclosed. The plaintiff was seen standing on the lower cleat immediately before the accident, and probably pulled the chute over on her by taking hold of the upper cleat and throwing herself back. It fell on her, breaking an arm. Doubtless, as contended by appellant, this child, because of her tender age, cannot be charged with contributory negligence, though repeatedly warned about playing near the engine house. *Thomas v. Railway Co.,* 93 Iowa, 248. Nor can the negligence of her parents, who appear also to have been warned, be imputed to her. *Wymore v. Mahaska County,* 78 Iowa, 396. Upon the alleged negligence of defendant the court instructed that the jury must find, in order to entitle her to recover, "that said coal chute, by reason of the place where it stood and the position, was dangerous to persons passing along the sidewalk opposite thereto." Appellant insists that the evidence conclusively established defendant's negligence under this instruction. As said, the chute was several feet back from the street line. It is shown to have weighed about 200 pounds, and therefore not likely to have been blown over by the wind, nor to fall over unless meddled with. It cannot be said that merely leaving it in the position shown was negligence as a matter of law, and whether danger lurked in it to children who might be attracted to play on it, and this was of a character such that defendant's agents ought, in the exercise of reasonable care, to have guarded against, was at the most, for the jury to determine. *Cason v. City of Ottumwa,* 102

Iowa, 99, and *Bliven v. City of Sioux City,* 85 Iowa, 346, relied on by appellant, are not in point. In the former the evidence was held sufficient to sustain the verdict, not to establish negligence as a matter of law; and in the latter the necessity of serving notice only was considered. What we have said disposes of every point made in appellant's original argument and reply, but in what counsel is pleased to call a supplemental reply the instructions are assailed as erroneous. Assignments of error argued for the first time in the reply will be disregarded. *Renwick v. Railroad Co.,* 49 Iowa, 664; 2 Cycl. Law & Proc. 1018.—AFFIRMED.