BLANCHE CLEMANS, Appellant, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY.

**Railways:**. TRESPASSERS: DISCOVERY OF PERIL: CARE: EVIDENCE. A
1 railway company owes a trespasser upon its tracks no duty until his peril is discovered, at which time the railway company is bound to exercise the care required in case of a nontrespasser. Evidence reviewed and held to require a submission of the question of defendant's exercise of proper care after discovering plaintiff's peril.

**Trespassers:** SPEED ORDINANCE. A city ordinance regulating the
2 speed of trains within the corporate limits is not for the protection of one upon the right-of-way at a place where the public has no right to cross the same.

*Appeal from Polk District Court.* — HON. A. H. McVEY,
Judge.

WEDNESDAY, JULY 12, 1905.

SUIT to recover damages for personal injuries. There
was a directed verdict for the defendant, and the plaintiff
appeals. — *Reversed.*

*A. L. Hager* and *O. R. Patrick,* for appellant.

*Carroll Wright* and *John I. Dille,* for appellee.

SHERWIN, C. J. — The injury for which the plaintiff
seeks recovery was received while she and her mother were
walking on the defendant's track within the corporate limits

1. RAILROADS: of the city of Des Moines. They were walking
trespasser;
discovery of east, and the train that struck them was an
peril; care;
evidence. empty excursion train backing west from Des
Moines to Valley Junction, Iowa, where the defendant's
trainyards are located. A brakeman was stationed on the
rear platform of the train, and he first noticed the plaintiff
and her mother when they were about a quarter of a mile
west of the train. They were then on the track, and walking
east towards the backing train. There was nothing to ob-
struct their view of the train, nor was there anything to warn
the lookout on the rear of the train that they did not see
it, or know that it was approaching, until the train was
within 250 feet of them, at which time the brakeman testi-
fied it became apparent that they had not noticed the train,
and were not going to leave the track. He further testified
that he then called to the plaintiff and her mother, and
that failing to receive recognition in response thereto, he
signaled the engineer to stop the train. If this were all of
the testimony touching the action of the brakeman at that
critical moment, there could be no question for the jury, so
far as this branch of the case was concerned, for the signal
was immediately responded to, and the train was stopped as

soon as possible. It was running at the rate of ten or fifteen miles an hour, and was stopped within 200 feet. There was other testimony, however, tending to show that the signal to stop was not given until the train was within 10 feet of the plaintiff, or just as it struck them. The law of the case is well settled. The plaintiff and her mother were trespassers, and the defendant owed them no duty until their peril was known. *Burg v. Railway Co.,* 90 Iowa, 106; *Masser v. Railway Co.,* 68 Iowa, 602; *Thomas v. Railway Co.,* 93 Iowa, 248. But when it first became apparent that they did not know of the approach of the train, and that there was danger of striking them, the active duty of the defendant arose, and it was then bound to exercise the care required by the law in case of nontrespassers. *Goodrich v. B. C. R. & N. Ry. Co.,* 103 Iowa, 412; *Sutzin v. Ry. Co.,* 95 Iowa, 304; *Orr v. Ry. Co.,* 94 Iowa, 423. No one disputes the testimony of the brakeman that he called to the plaintiff when she was first discovered to be in peril; but it surely cannot be said as a matter of law, that such a warning constituted the care and diligence necessary to relieve the defendant from liability. Whether the defendant was guilty of negligence after the plaintiff's peril was discovered was therefore a question for the jury.

An ordinance of the city of Des Moines prohibited the running of trains within the corporate limits at a rate of speed greater than six miles per hour, but the court held it to be immaterial in this case, and we think the ruling clearly correct. The ordinance undoubtedly was for the protection of the public in so far as it had the right to cross or use the defendant's tracks, and no further. Except at crossings or at other places where the public have a right of way, the person who crosses the track or travels thereon does so at his peril. He is there as a trespasser, and has no right to interfere with the clear track which the public demands, and which the law insists upon. A railroad is, to a certain extent, a public high-

2. TRESPASSER: speed ordinance.

way, and subject to public control; and the company oper-
ating it has the right, inhering in its ownership, and for the
benefit of the public, to a clear and unobstructed way, and
it may lawfully assume that this right will be respected by
all persons. The plaintiff was a trespasser, and, as we have
seen, the defendant company owed her no duty until her
danger was known. As said by Mr. Justin Harlan, in a con-
curring opinion in *Felton v. Aubrey,* 74 Fed. 350 (20 C.
C. A. 436): " The city ordinance did not and could not
make his presence on the track rightful at a place other than
one where the rights of the railway and the public were
mutual, or where the circumstances were such as to imply a
license to use the track by wayfarers. If he was a trespasser,
the railway company owed him no duty except that of avoid-
ing his injury if his danger was discovered in time to do
so." In *Masser v. The Chicago, R. I. & P. Ry. Co.,* 68
Iowa, 602, there was a practical application of this rule,
although it was not discussed along the line adopted here.
See, also, 2 Thompson on Negligence, section 1708; *Prewitt
v. Eddy,* 115 Mo. 283 (21 S. W. 742). The cases cited by
the appellant in support of a contrary rule are not in point.
They are *Grand Trunk R. Co. v. Ives,* 144 U. S. 408 (12
Sup. Ct. 679, 36 L. Ed. 485); *Hayes v. Mich. Cent. R. R.
Co.,* 111 U. S. 228 (4 Sup. Ct. 369, 28 L. Ed. 410);
*Union Pacific R. Co. v. McDonald,* 152 U. S. 262 (14 Sup.
Ct. 619, 38 L. Ed. 434). ,

The judgment is *reversed.*