[No. 4998.]
[2546 C. A.]

THE DENVER CITY TRAMWAY COMPANY v. NICHOLAS.

**1. Practice in Civil Actions—Argument of Counsel—New Trial —Appellate Practice.**

The conduct of the trial and the control of counsel in their arguments and statements to the jury, and the question as to whether a new trial should be granted for misconduct of counsel in his remarks to the jury, are matters so fully within the discretion of the trial court that the appellate court will not interfere unless it manifestly appears that such discretion was clearly abused.

**2. Evidence—Negligence—Expert Testimony—Street Railways.**

In an action against a street railway company for damage for a personal injury alleged to have been caused by defendant's negligence in leaving its cars standing exposed in such manner as to attract children to them for the purpose of playing, the testimony of an expert witness, who did not assume to know the kind of mechanical appliances that were used upon the particular car upon which plaintiff was injured, describing the different kinds of appliances used upon defendant's cars, was not prejudicial to defendant.

**3. Appellate Practice—Instructions—Abstract of Record.**

Assignments of error based upon the refusal of the trial court to give instructions requested, will not be considered where the abstract of record does not contain the entire charge as given to the jury.

**4. Negligence—Pleading—Immaterial Allegations—Street Railways.**

In an action against a street railway company for damages for personal injuries alleged to have been caused by the negligence of defendant in leaving its cars standing unguarded in such manner as to attract children to them for the purpose of playing therein, the merits of the case were not affected by the legality or illegality of the occupation by defendant of the street where the cars were left standing, and an allegation in the complaint that defendant "unlawfully occupied and obstructed" the street would not vitiate the complaint.

**5. Negligence—Pleading—Street Railways.**

In an action against a street railway company for damages for personal injuries to a child, an allegation that defendant negligently left its cars standing exposed and unguarded in

such manner as to attract children, and that children were attracted by, and went upon, the cars for the purpose of playing, implies a duty on defendant's part to prevent them from going thereon.

**6.   Negligence—Street Railways—Places Attractive to Children.**

If a street railway company keeps standing upon its premises cars that are attractive to the natural instincts of children and which are dangerous for children to play upon, the law imposes upon the company the duty to take reasonable precautions to prevent the intrusion of children thereon or to protect from personal injury such as may be attracted thereto.

**7.   Negligence—Contributory Negligence—Infants.**

In an action for damage for personal injuries, the rule as to contributory negligence of plaintiff as applied to adults is not applicable to children of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case.

**8.   Same—Sui Juris.**

In an action for damage for personal injuries to a child thirteen years old, the question as to whether the child was sui juris was properly left to the jury.

Mr. Charles J. Hughes, Jr., for appellant.

Mr. John G. Taylor, and Messrs. Wells, Thompson & Chiles, for appellee.

*Appeal from the District Court of Arapahoe County. Hon. Frank T. Johnson, Judge.*

The amended complaint, *inter alia*, avers:

"That The Denver Consolidated Tramway Company, predecessor of the defendant, was possessed of certain cars moved and propelled by means of an electric current conveyed thereto by wire stretched over the railway. That the motor cars were equipped with an arm attached thereto upon the top of the cars, and moved vertically upon a hinge and with a wheel upon the movable end thereof, called a trolley wheel, by which wheel and other devices, the particulars whereof are unknown to the plaintiff, the elec-

tric current was conveyed to the car and the apparatus thereof, and by means thereof the cars were wont to be moved along the railway. That the motor cars were so adjusted that to suspend the motion thereof, the arm attached to them could be and was wont to be drawn and tied down, so that the trolley wheel was no longer in contact with the wire; that the cars were equipped with levers and other devices, the particulars whereof are unknown to the plaintiff, whereby, on releasing the arm and placing the trolley wheel in contact with the wire, and by moving the levers and other devices or some of them, the motor cars would again be set in motion at great speed; that the company was, and for a long time had been wont to assemble and store upon its tracks, upon Alaska street, the cars not at the time in use, and on the occasion in question was unlawfully maintaining and storing on one of its tracks, in the public street aforesaid, among other cars, one of the motor cars equipped as aforesaid. That the cars standing upon the street aforesaid were, as defendant well knew, attractive to children and youths, and that children and youths were and for a long time had been wont to resort to them to amuse themselves by imitating the actions, motions and conduct of the employees of the company operating the said cars. That defendant had, during all the time aforesaid, omitted to erect any fence about the cars, or place said cars within any enclosure, or station any watchman or other person to warn off or exclude children therefrom; and during all the time aforesaid, had been wont to leave, and on the day and year in question had left, and was leaving and maintaining the cars aforesaid, including one of said motor cars in said Alaska street, entirely exposed, not enclosed, without maintaining any watchman or guard to warn or exclude any children therefrom, or by any means

attempting to protect children attracted thereto, from injury by means of such cars; that on the day and year aforesaid, plaintiff and one Nelson Vaille, each being under the age of thirteen years, and each being ignorant of the machinery and devices whereby said motor cars were set in motion, and all the uses of said devices, and ignorant of and not appreciating the great danger of attempting to move or operate and interfere with said cars, and plaintiff by reason of his youth being unable to appreciate or understand the danger of attempting to move or operate said cars, or interfere therewith or play about the same, and unable to resist his natural propensity to amuse himself with such cars, went to and got upon one of the said motor cars, and plaintiff and said Nelson were there amusing themselves for one-half hour or thereabouts, pretending to move, stop and again set in motion the said car. That in front of the car, upon the same track, was another car of defendant, unlawfully placed and maintained in the public street aforesaid, and that plaintiff and the said Nelson Vaille, or one of them, having untied the rope whereby said arm was drawn down, and having caused said movable arm to rise, so that the trolley wheel was against the wire, conveying the electric current as before set forth, plaintiff being ignorant of the uses and devices upon the front platform, and incapable to understand, know or appreciate the great danger of meddling or interfering therewith, carelessly moved one of said levers or some other of the devices aforesaid, and thereby suddenly set the car in motion at great speed and towards and upon and against the other cars standing in front thereof; and plaintiff being overcome with fright and ignorant and unconscious of the great risk thereof, hastily attempted to dismount from said car, and in said attempt was caught between the moving car aforesaid and the car

in front thereof, and one of the legs of plaintiff was thereby broken."

The instructions given by the court which are reported in the abstract are as follows:

### INSTRUCTION NO. 1.

"Plaintiff claims that the defendant was possessed of certain electric cars and left them exposed in a public street and with the appliances thereof unguarded and so insecure that the cars might be set in motion by children amusing themselves thereat, the defendant knowing that children were attracted and frequently had been attracted to such cars at the same place, and that plaintiff, being of tender years, seeing the cars so left, yielded to his natural propensity to amuse himself and resorted thereto, and while playing about the cars the same were accidentally or ignorantly set in motion, and that by this means plaintiff was injured. Plaintiff's claim is that the injury was a permanent one, and will render him always incapable of labor or active movement. Plaintiff seeks to recover not only for this disability, but for the sufferings resulting from his injury."

### INSTRUCTION NO. 2.

"If the jury believe from the evidence that the defendant knowing that its cars were attractive to children and exposed them in a public street unfastened and unguarded, and in such a condition that a child playing thereat might ignorantly or accidentally set the same in motion, and that plaintiff was so inexperienced that he was unconscious of the danger which he incurred by amusing himself at the said cars and resorting thereto, and, by reason of the accidental or ignorant turning on of the current by the plaintiff, or the boy who was with him, the car was set in motion, and plaintiff, endeavoring

to dismount therefrom, was injured, the verdict
should be for the plaintiff.''

## INSTRUCTION NO. 4.

''But the plaintiff is not to be allowed to recover
if, upon all the evidence, it appears to you that he
was conscious of the hazard and danger of resorting
to the cars to amuse himself.   But the conduct of
plaintiff is not to be measured by the discretion of
an adult person.   No greater measure of prudence,
circumspection and discretion can be required of him
than that reasonably to be expected of a child of the
same age, capacity and experience.''

The facts appear to be that plaintiff, then being
thirteen years old, and a boy of about the same age,
were playing in the cars of appellant, the one assum-
ing to be motorman and the other conductor.   The
trolley pole of the car in which the boys were play-
ing was tied down so that it was not in contact with
the overhead wire.   Vaille, the boy playing with
plaintiff, untied the rope attached to the trolley pole,
where it connected with the overhead wire.   After
a little while the car started and collided with another
car upon the same track.   The result was the crush-
ing of the leg of plaintiff.

Judgment was rendered for plaintiff in the court
below, in the sum of fifteen hundred dollars.   Defend-
ant brings the matter here by appeal, alleging that
many errors occurred in the court below.

Appellee's counsel in his opening statement to
the jury said:

''I wish to impress upon the jury that the plain-
tiff in this case was a boy, and the court will dis-
tinguish, in its instructions, the duty of a corporation
using these public utilities and leaving them open
so a child can hurt himself.   There is a vast differ-

ence between the responsibility it owes to them and to grown people; the law supposes that infinitely more care is to be exercised in the case of a child than that of a man."

To this statement appellant's counsel objected, and the objection was overruled.

Mr. Justice Bailey delivered the opinion of the court:

The conduct of the trial and the control of counsel in the arguments and statements made to the jury is so fully within the discretion of the court, and the question whether a new trial should be granted for misconduct of counsel in his remarks to the jury resting in the sound judicial discretion of the trial court, the matter will not be interfered with on appeal unless it manifestly appears that such discretion is clearly abused.—*Hill v. Colo. Nat'l Bank*, 2 Colo. App. 324; *Felt v. Cleghorn*, 2 Colo. App. 4; *San Miguel Consld. Gold Min. Co. v. Bonner*, 33 Colo. 207; vol. 5 Current Law, 255-263.

Another contention of appellant is that the court permitted plaintiff to call an expert witness to describe the different kinds of mechanical appliances used upon defendant's cars. The witness did not assume to know the kind that were used upon the particular car upon which the plaintiff was playing at the time, or shortly before, the accident.

We do not see that the defendant could have been materially prejudiced or injured by a description of the different kinds of mechanical devices used upon its several cars.

The refusal of the court to give certain instructions requested by the defendant is assigned as error. The abstract of record before us does not purport to contain the entire charge of the court to the jury. We must therefore presume that the charge, as given,

substantially embraced each of the instructions requested by defendant, to which it was by law entitled. —5 Current Law, and cases cited in Note 40.

This brings us to the determination of the sufficiency of the complaint, and the correctness of the three instructions reported in the abstract as given by the court at the instance of the plaintiff, upon the correctness or incorrectness of which, and the sufficiency or insufficiency of the complaint, depends the entire case, as we view it.

It is asserted that the complaint is defective because of the averment that defendant "unlawfully occupied and obstructed" Alaska street; that this does not amount to an allegation of a fact, but is a conclusion of law. For the purpose of this case, it may be conceded that this is true. In our judgment the merits of the case are not affected by the legality or illegality of the occupation of Alaska street by defendant company.

The other objection to the complaint goes to the merits of the case, that is to say, defendant contends: that if children were attracted by and went upon the appellant's cars, this does not in law imply a duty on its part to prevent them from going thereon. This, in brief, is the contention of defendant, and we may say that it is supported by some authority, but in our judgment the weight of authority and reason is against it.

Other objections are that plaintiff was a trespasser and that he was guilty of contributory negligence, and that the complaint upon its face shows that he was guilty of contributory negligence. There are other contentions of a like character. What we will presently say we think will show that there is no merit in these contentions, according to the rule adopted by many of the states, the United States supreme court, and heretofore mentioned with

favor by both this court and the court of appeals. This rule is as follows:

"If an owner sees fit to keep on his premises something that is an attraction and allurement to the natural instincts of childhood, the law imposes upon him the corresponding duty to take reasonable precautions to prevent the intrusion of children or to protect from personal injury such as may be attracted thereto."—*Koppelkrom v. Colo. Cement Co.*, 16 Colo. App. 278.

Perhaps this doctrine was first announced in the case of *Lynch v. Nurdin*, 4 Perry & Davison's Reports, which was a case of an expressman who left his empty cart and horse on the street. Some children engaged in playing with it and one of them was injured, the court saying: "Suppose that the plaintiff merely indulged in the natural instincts of a child in amusing himself with the empty cart and deserted horse, then we think that the defendant cannot be permitted to avail himself of that fact. The most blameable carelessness of his servant having tempted the child, he ought not to reproach the child for yielding to that temptation. He has been the real and only cause of the mischief. He has been deficient in ordinary care: the child, acting without prudence or thought, has, however, shown these qualities in as great a degree as he could be expected to possess them."

This was followed by the courts of Connecticut in *Birge v. Gardner*, 19 Conn. 507, which was a case in which a child was injured by swinging on a gate.

In the case of *Stout v. R. R. Co.*, 7 Dillon 294, this rule was adopted by Judge Dillon in his charge to the jury, and was afterwards affirmed by the supreme court of the United States in *R. R. Co. v. Stout*, 17 Wallace 657, in which the cases of *Lynch*

*v. Nurdin* and *Birge v. Gardner, supra,* were cited in support of the doctrine.

As to the contributory negligence of plaintiff, and the contention that he could not recover because he was a trespasser, in the case last cited it is said:

"It is well settled that the conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. While it is the general rule in regard to an adult that to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must himself have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case."

The same rule is announced in *R. R. Co. v. Gladmon,* 15 Wallace 401.

This court in the case of *Street Ry. Co. v. Sherman,* 25 Colo. 114, where the doctrine of the Lynch, Birge and Stout cases was approved, said:

"In applying the rule that he who seeks to recover damages for a personal injury suffered from the negligence of another, must not himself be guilty of negligence that substantially contributed to the result, the law discriminates between children and adults, the feeble and strong, and only requires of each that degree of care to be expected in view of his age and condition."

In Elliott on Railroads, § 1261, it is said:

"The general rule is well settled that children are only required to exercise such care for their own safety as may be reasonably expected in view of their age and condition. This question is usually one for the jury to determine."

And sufficient authorities cited by the author in support of this doctrine.

It is asserted by defendant that this boy, being thirteen years of age, was *sui juris*. This is a question which was properly left to the jury to say by their verdict whether he was or was not *(Mangan v. Brooklyn R. R. Co.,* 38 N. Y. 455), and was sufficiently presented to the jury by the instructions reported in the abstract.

As to the issues of fact, we do not think it necessary to examine minutely the evidence on which it is said that the jury came to a wrong conclusion in their verdict. Every cause must depend upon its own circumstances. Our business is to see that true principles of law are applied to the circumstances as developed in this case. We are of the opinion that the complaint does state facts sufficient to constitute a cause of action; that the instructions given by the court are in harmony with the law, and that there was legal evidence upon which the jury might base its verdict.

It may be well to say that in addition to the authorities cited in support of the doctrine herein announced, many more may be found. The same rule has been practically adopted in Minnesota, Kansas, Texas, Missouri and Illinois.

Taking it all in all, we are inclined to believe that the doctrine adopted by this court is the better policy. The judgment of the district court will therefore be affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Goddard concur.