Leonard Doggett, by his next friend, Mary Doggett, v. Chicago, Burlington & Quincy Railway Company, Appellant.

**Railroads**: TRESPASSERS: REQUIRED CARE. The conductor of a train owes a trespasser thereon no affirmative duty, and is only required to exercise ordinary care in ejecting him, and is chargeable only with what he knows, or in the exercise of ordinary care should know, of the danger of ejecting him from a moving train.

**Contributory negligence**: EVIDENCE: INSTRUCTIONS. The physical infirmity of a trespasser upon a train may be taken into consideration by the jury in determining his negligence in alighting while the train is in motion; but his age and experience should not be taken into consideration where there is nothing in the evidence to indicate that by reason thereof he was less able to exercise care and discretion for his own safety. WEAVER, C. J., dissents from the opinion announced in this paragraph.

*Appeal from Jefferson District Court.*— Hon. C. W. Vermillion, Judge.

Thursday, June 6, 1907.

Action to recover damages for personal injuries alleged to have resulted to plaintiff from being ejected in a negligent manner from the caboose of a freight train of defendant, on which he was riding without defendant's consent and as a trespasser. There was a verdict of $500 in plaintiff's favor, and from the judgment thereon defendant appeals.— *Reversed.*

*Leggett & McKemey,* for appellant.

*Crail & Crail* and *Rollin J. Wilson,* for appellee.

McClain, J.— The plaintiff, seventeen years of age, with a companion, boarded the way car of defendant's freight

train about a mile west of Fairfield, with the intention of riding into town without paying any fare. The evidence tends to show that the conductor of the train told them the train would not stop at Fairfield, and ordered them to get off, and, in attempting to do so while the train was in motion, plaintiff, who was somewhat incapacitated by having a crippled leg, fell, breaking his crippled leg and receiving other injuries.

I.   The jury was instructed, with reference to the act of the conductor in ordering plaintiff to get off the car while the train was in motion, that, if the train was moving at so low a rate of speed as that a person in possession of ordinary use of his limbs and of ordinary activity could have alighted there-

1. RAILROADS:
trespassers:
required care.

from in safety, " and that said conductor did not know, and in the exercise of ordinary care could not under the circumstances have known, that plaintiff was crippled and did not possess the ordinary use of his legs, and the injury to plaintiff was caused by his crippled condition, and not by the speed of the train, then the defendant would not be chargeable with negligence on account of the acts of the conductor." Bearing in mind that the plaintiff was con-fessedly a trespasser, to whom the defendant owed no affirm-ative duty, we think this instruction was plainly erroneous. It was only so far as the conductor had knowledge of an injury likely to result from compelling the plaintiff to get off the train while in motion that defendant would be chargeable with the consequences of the conductor's act. *Earl v. Chicago, R. I. & P. R. Co.,* 109 Iowa, 14; *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa, 248; *Clemans v. Chicago, R. I. & P. R. Co.,* 128 Iowa, 394; *Cleveland C. & C. R. Co. v. Terry,* 8 Ohio St. 570.

The rule that the conductor should have acted with reference to what might have been known to him, in the exercise of reasonable care, with reference to plaintiff's con-dition, might have been applicable if plaintiff, having

rightfully entered upon the train, was being ejected for some misconduct on his part which justified the conductor in ejecting him; but, being from the first a trespasser the conductor owed him no affirmative duty. The rule as to the care required in ejecting a trespasser is not the same as that which applies in case of the ejection of one who has been rightfully on the train. *Earl v. Chicago, R. I. & P. R. Co., supra.* In the case last cited it was said that, to render the railroad company liable under such circumstances the action of the conductor must be wanton and willful, and we have no inclination to modify the rule announced in that case; but it is sufficient for the present case to say that the instruction charging the conductor with the affirmative duty of ascertaining whether plaintiff was a cripple before putting him off the train was erroneous. We think the instruction charging the conductor with the exercise of ordinary care in putting plaintiff off the train, and saying that in doing so he was charged with what he knew, or in the exercise of ordinary care should have known, as to the danger of putting a person off a moving train, was correct. Even as to trespassers, the conductor should take into account that which an ordinarily prudent person would know might be the probable consequences, in view of the speed of the train, of causing a person to alight therefrom. *Johnson v. Chicago, St. P., M. & O. R. Co.,* 123 Iowa, 224.

An instruction asked for plaintiff, and refused, to the effect that to charge defendant the injury must have been the result of the negligent act of the conductor, in view of the knowledge he had of plaintiff's condition, was sufficiently covered by an instruction given, and it was not error to refuse it.

II. In one of the instructions given, the jury were directed to take into account the age, experience, and physical infirmity of the plaintiff in determining whether he was guilty of contributory negligence in jumping off the train under the cir-

2. CONTRIBUTORY
NEGLIGENCE:
evidence:
instructions.

cumstances.   So far as physical infirmity was concerned, this instruction was, no doubt, correct, for while the conductor was not bound to take into account plaintiff's infirmity, unless he had knowledge thereof, yet, on the other hand, in determining whether plaintiff was negligent, the jury was justified in taking that fact into consideration.   *Cleveland, C. & C. R. Co. v. Terry,* 8 Ohio St. 570.   But in so far as the instruction allowed the jury to take into account the plaintiff's age and experience, we think that it was erroneous. The manifest purpose of the instruction was to advise the jury that they might find the plaintiff, on account of his immaturity of age and want of experience, to be free from contributory negligence.   The evidence showed plaintiff to have been over seventeen years of age at the time of the accident, and there is nothing to indicate that he did not possess the discretion which is usually possessed by persons of that age; nor is there anything to indicate that he did not by reason of exceptional want of opportunity know that it was dangerous to jump from a moving train.   Unless, therefore, the mere fact of his age was in law sufficient to justify a finding by the jury that he was not required to use the same care as ordinary persons are required to use, it was error to instruct the jury that they might take into account his age in determining the question of his contributory negligence.   We suppose it would hardly be contended that, if plaintiff had been over twenty-one years of age, it would have been competent to tell the jury they might take his age into account. There must be some limit in law as to what may be considered in excusing acts which on the part of ordinary persons would as a matter of law constitute contributory negligence.   That persons under twenty-one years of age, that being the age of majority with reference to political rights and the capacity to make binding contracts, are not to be presumed on that account to be less capable than persons of ordinary prudence to exercise care and discretion with reference to their safety, is manifest.   No court, so far as we

can discover, has made the age of twenty-one the dividing line in regard to responsibility for acts constituting negligence in an ordinary person, and it has been expressly held that as matter of law such distinction does not exist. *Nagle v. Allegheny Valley Railroad Co.,* 88 Pa. 35 (32 Am. Rep. 413); *Pueblo Electric Street Ry. Co. v. Sherman,* 25 Colo. 114 (53 Pac. 322, 71 Am. St. Rep. 116). We must therefore adopt some other rule applicable to such cases, or leave the jury free to arbitrarily recognize any excuse which may appeal to their sentiments or prejudices. *Nagle v. Allegheny Valley R. Co.,* 88 Pa. 35 (32 Am. Rep. 413); *Tucker v. New York Central & H. R. R. Co.,* 124 N. Y. 308 (26 N. E. 916, 21 Am. St. Rep. 670); *Frauenthal v. Gaslight Co.,* 67 Mo. App. 1, 11; *Pueblo Elec. St. Ry. Co. v. Sherman,* 25 Colo. 114 (53 Pac. 322, 71 Am. St. Rep. 116). As was said in the *Tucker* case, *supra:* " Aside from evidence of the boy's age, no fact was adduced tending to show that he was not as well qualified to understand and appreciate the danger which overtook him as an adult, and the question is therefore fairly presented whether the jury can be permitted to find from such fact, standing alone, that he was *non sui juris.* . . . In the absence of evidence tending to show that an injured infant twelve years old was not qualified to understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed *sui juris.*" And the court therefore held that a verdict in favor of the administrator of a child of that age, killed by the train of a railway company at a highway crossing, must be set aside on account of contributory negligence of the child in not looking and listening for the approach of a train; there being nothing but the child's age to indicate that he was free from contributory negligence.

It is difficult, under the authorities, to state any satisfactory rules of universal application as to the effect of the age of the injured person with reference to the question of.

contributory negligence.  Courts have apparently been re-
luctant to announce definite rules on the subject; but in
several of the best considered cases the distinctions as to re-
sponsibility on account of age recognized in the criminal law
have been regarded as furnishing the best guidance in de-
termining responsibility for negligence.  Thus, in *Nagle v.
Allegheny Valley R. Co.,* 88 Pa. 35 (32 Am. Rep. 413), it
is said that in analogy with the rule that after fourteen years
of age an infant may choose a guardian and contract a lawful
marriage, and must be held responsible for his crimes to the
same extent as an adult, an infant fourteen years of age " is
presumed to have sufficient capacity and understanding to be
sensible of danger, and to have power to avoid it."  Accord-
ingly it was held in that case that, under evidence, which
would have charged the deceased, for whose death on
account of the negligence of the defendant recovery was
sought, with contributory negligence had he been an adult,
there could be no recovery, although it appeared that the
deceased, who was killed while attempting to cross a railroad
track in front of a moving train, was between fourteen and
fifteen years of age.  In *Tucker v. New York C. & H. R. R.
Co.,* 124 N. Y. 308, *supra,* the rule announced in the Penn-
sylvania case is approved, and, as in New York twelve years
is fixed by statute as the age after which criminal responsi-
bility of an adult attaches, it is held that after that age
a boy must be deemed *sui juris* and chargeable with the
same measure of caution as is an adult.  In *Lynchburg
Cotton Mills v. Stanley,* 102 Va. 590 (46 S. E. 908),
the standard of criminal responsibility is applied in de-
termining contributory negligence, and it is held that be-
tween the ages of seven and fourteen years a child is pre-
sumed to be incapable of contributory negligence, while after
the latter age no such presumption exists.  And in *Chicago
City R. Co. v. Wilcox,* 138 Ill. 370 (27 N. E. 899, 21 L. R.
A. 76), the same standard is recognized, with a question

whether under seven years of age a child is to be conclusively presumed incapable of contributory negligence.

An examination of a very large number of cases relating to the liability of children for contributory negligence leads to the conclusion that, while in many of them no definite rule is announced, they substantially without conflict hold that the presumption of responsibility attaches at the age of fourteen years; that prior to that age there is a presumed incapacity which must be overcome in order to defeat recovery on account of contributory negligence by proof that the child did not exercise the care and discretion usual with children of a similar age, which is assumed to be less than that required of persons of mature years; while after that age the presumption is that there is the capacity for care and discretion with reference to the usual affairs of life possessed by persons of ordinary intelligence, irrespective of age, and that to authorize the jury to take age into account there must be some proof that by reason of immaturity the injured person was less capable than an ordinarily prudent person, of exercising care and discretion for his own safety. In addition to the cases already cited, reference may profitably be made to the following: *Coleman v. Himmelburger-Harrison Land & Lbr. Co.,* 105 Mo. App. 254 (79 S. W. 981); *Crown v. Orr,* 140 N. Y. 450 (35 N. E. 648); *Hickey v. Taafe,* 105 N. Y. 26 (12 N. E. 286); *Higgins Carpet Co. v. O'Keefe,* 79 Fed. 900 (25 C. C. A. 220); *Koehler v. Syracuse Specialty Mfg. Co.,* 42 N. Y. Supp. 182, 1105; *McDonald Metropolitan Street R. Co.,* 80 N. Y. Supp. 577; *Holmes v. Missouri Pacific R. Co.,* 190 Mo. 98 (88 S. W. 623); *Shelley v. City of Austin,* 74 Tex. 608 (12 S. W. 753). The cases may be found fully collected in 1 Thompson, Negligence (2d Ed.), sections 307–318; 2 Current Law, 1004; 4 Current Law, 774; 6 Current Law, 764. And, as announcing the rule already suggested, as drawn from the volume of cases on the subject, see Bishop, Noncontract Law, sections 585–587.

The decisions of this court are in harmony with the rules above suggested, as deducible from examination of the authorities in other States. It has been repeatedly held, with reference to children of tender years, that they are not chargeable with contributory negligence, and, so far as we now discover, the cases in which this ruling has been made have been cases where the children were under seven years of age. *Fink v. Des Moines,* 115 Iowa, 641; *Thomas v. Chicago, M. & St. P. R. Co.,* 93 Iowa, 248; *Fishburn v. Burlington & N. W. R. Co.,* 127 Iowa, 483. In cases involving the negligence of children between seven and fourteen years of age, we have held that they might under the circumstances of the particular case be guilty of negligence in not giving such attention to their surroundings and exercising such care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity. *Merryman v. Chicago, R. I. & P. R. Co.,* 85 Iowa, 634; *Carson v. Chicago, R. I. & P. R. Co.,* 96 Iowa, 583; *Benton v. Chicago, R. I. & P. R. Co.,* 55 Iowa, 496; *Masser v. Chicago, R. I. & P. R. Co.,* 68 Iowa, 602; *McMillan v. Burlington & M. R. R. Co.,* 46 Iowa, 231. In no case decided in this court, so·far as we can discover, has it been held that the fact of age alone gave rise to any presumption, or was entitled to consideration, where the person whose negligence was in question was over fourteen years old. In *Shebeck v. National Cracker Co.,* 120 Iowa, 414, with reference to an injury to an inexperienced boy of eighteen years, it was said: " The degree of care he was bound to exercise to absolve himself from contributory negligence is such care as might reasonably be expected from one of his age and experience under like circumstances and surroundings." However, the case was not one involving contributory negligence, but assumption of risk; and the contention of the administrator of the boy, who was killed by being caught in the machinery of a factory in which he was at work, was that he had not assumed the risk of the defective condition of the machinery,

although he was aware of its condition, and had remained in the employment without objection. The question of the assumption of risk of the dangers of a particular employment is very different from that involved in the determination of the question whether under ordinary circumstances and conditions an injured person has exercised the care which a reasonably prudent person would exercise for his own safety. It may well be that the age and experience of a person over fourteen years of age may be taken into account in determining whether he appreciates the danger of a particular hazard, where the hazard is peculiar to a special employment and not such as ordinary persons are called upon to meet; but it will not do to say that an act, such as that of jumping off a train while in motion, which is made criminal in all persons over fourteen years of age (see Code, section 4811), is not negligent in a person of that age, if an ordinary adult would be charged with negligence under the same circumstances.

We reach the conclusion, therefore, that, in the absence of any evidence indicating that by reason of age or inexperience, save the mere incidental fact that he was seventeen years of age at the time of the accident, plaintiff was less capable than an ordinary person in looking out for his own safety, it was error for the court to refer to the matter of age and experience as proper for the consideration of the jury in determining whether plaintiff was guilty of contributory negligence.

III. Misconduct of counsel for plaintiff, in his closing address to the jury, is also urged as a reason why this judgment should be reversed. Some portions of this argument, as they appear in the record, cannot be justified, and we doubt whether any objection which could have been made thereto at the time, or any ruling which the court could have entered in response to such objection, would have obviated the prejudice likely to result. Perhaps it might be said, if there had been prompt objection, the improper course of argument would not have been persisted in, and

that prejudice on that ground might have been avoided.   In view of the necessity of a new trial, it is enough to call attention to the subject by way of caution.   Perhaps even this is unnecessary, as the counsel whose argument is complained of has practically confessed the impropriety of the argument made.

The judgment of the trial court is *reversed.*

WEAVER, C. J.— I concur in the result on the first point discussed in the foregoing opinion, but dissent from the conclusion announced in the second paragraph.