### TERRY et al. v. SCHMIDT.

#### (Circuit Court of Appeals, Second Circuit. June 3, 1902.)

#### No. 114.

1. MASTER AND SERVANT—ASSUMPTION OF RISK.

   Where a boy 17 years old, employed to carry rivets from a forge to other workmen, knew that an unguarded shaft lay along his path, and elected to continue his work notwithstanding the danger, he assumed the risk.

In Error to the Circuit Court of the United States for the Southern District of New York.

See 111 Fed. 290.

This cause comes here upon a writ of error by the defendants below to review a judgment of the circuit court for the Southern district of New York, entered upon the verdict of the jury. The decedent, plaintiff's son, 16 years and 7 months old, was at work, at the time of the accident complained of, on the ninth floor of the Sherry building, at the corner of Fifth avenue and Forty-Fourth street. It was his business to heat rivets at a forge on said floor, and to carry them from the forge to the workmen on another part of said floor. The forge was moved from day to day according to the place where the men were at work. The decedent, on one of his return trips to the forge, fell

---

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 583.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.

through an air shaft about 12 feet long and 2½ feet wide running from the third floor to the top of the building, which had been left open and unguarded, in violation of the statute. The court charged the jury fully upon the general questions of what would constitute negligence on the part of the defendants and contributory negligence on the part of plaintiff's decedent, and the jury found a verdict in favor of the plaintiff for $1,000. Counsel for defendants presented 28 requests to charge, and has excepted to the refusal of the court to charge the same, and to certain portions of the charge

H. C. Smyth, for plaintiffs in error.

Robert Goeller, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The only exception which it is necessary to consider is No. 25, which is as follows:

"(25) If the jury believe that the fact that the floors had not been filled in was perfectly apparent to the plaintiff's intestate, as to everybody else, and if he consented to go to work upon the floor above the place where these openings were, knowing that the openings existed, it is clear that he took the risk, and cannot recover."

We are of the opinion that the refusal of the court to charge as thus requested was reversible error. The decedent had been employed in this work on this building for some weeks, and had worked on this floor for two days. He was present when the forge was moved to the place where it was at the time of the accident, and he had passed and repassed the shaft in question a number of times on that day. One of the witnesses testified that decedent had been twelve trips back and forth with rivets between the place where the forge was moved for the last time and the place where the riveters were working. When a servant enters upon a hazardous employment, he assumes those risks which are open to his observation. When he continues in such service with knowledge of the character of dangerous conditions or surroundings, he also assumes the hazards incident to the situation. The question herein for the jury was whether the servant knew, or ought to have known, of the existence of the dangerous, unguarded shaft opposite the place where he was at work. The court, in its charge, left to the jury the question whether decedent was negligent in continuing his work after the forge had been moved to a point opposite the unguarded shaft. While the language of the charge would indicate that the court assumed that decedent must have known of the danger, it failed to state or suggest the rule as to the assumption of such an obvious risk. The jury were, therefore, at liberty to infer, and the verdict indicates that they did infer, that the plaintiff could recover, although the decedent voluntarily continued his work, knowing of the danger to which he was exposed, provided the decedent might reasonably have done so, rather than to quit work at such short notice. This view ignores the fact that, while decedent might reasonably have elected to take this course with knowledge of the proximity of the unguarded shaft, yet by such election he relieved the employer from liability for the accident. That the same rule is applied in cases of violation by the master of a statutory requirement is expressly decided in Carpet Co. v. O'Keefe, 25 C. C. A. 220, 79 Fed. 900.

The judgment is reversed, and a new trial is ordered.